May Term,
1856.

WILLIAMS and Others *v.* SMITH.

WILLIAMS
v.
SMITH.

*A.* rented land to *B.*, with a stipulation that *B.* should pay to *A.* a third of the wheat to be raised, "in the half bushel." *Held*, that until the wheat was delivered to *A.*, it was not subject to be levied upon by an execution against *A.*

APPEAL from the *La Grange* Circuit Court.

Monday,
June 9.

DAVISON, J.—This was an action against a constable and his sureties, on his official bond. The bond was conditioned in the usual form, for the faithful discharge of the duties of the constable, &c.

The complaint charges that *Bushnell*, the relator, on the 14th of *November*, 1846, recovered a judgment before a justice of the peace, against one *William Velie*, for 100 dollars; that a writ of execution was issued on said judgment, and delivered to the constable, &c. Three breaches are assigned:

1. That the constable did not make the money, or any part of it.

2. That he did not return the writ within one year from the time it was delivered to him.

3. That the constable having levied on *Velie's* property, neglected to take the same into his custody, or to take a bond for its delivery on the day of sale, and also neglected and refused to advertise and sell said property as required by law. Proper issues being made, the case was submitted to a jury, who, upon the third breach, found for the plaintiff 80 dollars, and, over a motion for a new trial, there was judgment on the verdict.

In the record, there is a bill of exceptions, which shows that the property levied on by the constable, consisted of a quantity of wheat; and that the defendant, at the proper time, moved the Court to charge the jury, that "if they were satisfied from the evidence that the wheat in question was a portion of a crop raised by one *Birdsall*, as the tenant of *Velie*, the execution-defendant, and that, by the terms of the letting, *Birdsall* was to pay one-third of the crop raised, in kind, payable in the half bushel, the wheat

HARVARD LAW SCHOOL LIBRARY

so raised by the tenant would be his property, and not subject to the execution, until it was delivered by him to *Velie.*" This instruction was refused, and its refusal raises the only question in the case.

We think the Court erred. The execution-defendant could have no valid title to the wheat, until it was delivered to him in some mode known to the law. It is often a matter of some difficulty to ascertain what particular facts amount to a delivery; but the case stated by the instruction admits of no doubt. After the wheat was harvested, it remained the property of the tenant until it was threshed, measured, and one-third of it set apart for his landlord. At least until that was done, it was not subject to the execution. 2 Hill 137.—10 Barb. 95.—*Long* on Sales, 267, *et seq.*—1 Ind. R. 554.—2 *Kent's* Comm. 493.—4 Ind. R. 146.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. Brackenridge*, for the appellants.

*J. B. Howe*, for the appellee.