BENJAMIN F. SMITH, Appellant, against AARON W. DUKES, Respondent.

APPEAL FROM THE DISTRICT COURT OF FARIBAULT COUNTY.

Action to recover a balance due upon a purchase of a stock of goods. Defence—that the Plaintiff warranted the goods to be of the value of $4,000, and that they were not of that value; and also, that the Plaintiff had abstracted goods to the amount of $1,516.25 before delivery, &c. Defendant proved that after taking the goods he made an inventory thereof, and found they were in value but $2,862.82. The Court charged the jury "that the measure of damages in favor of the Defendant was the difference between the $4,000 warranted by Plaintiff and the amount of the invoice made by Defendant." *Held* to be error, because it assumes that there was a warranty which was for the jury to find; and also because it assumes that the invoice made by Defendant was the real value of the goods, when there was conflicting testimony upon that issue.

Where it is impossible to determine what the jury acted upon, or how they made up their verdict under the charge of the Court, so as to correct the error and arrive at the amount they should have given, justice cannot be done between the parties by a remittitur.

Under the Code a Defendant may not only plead in reduction or bar of the Plaintiff's claim, but may even be permitted to establish a claim and recover a judgment for damages against the Plaintiff.

Points of Appellant:

I.—The pleadings in this action show that the Plaintiff sought to recover the amount of four promissory notes of $300 each, with interest. That said notes were given in part payment of a large stock of merchandise. The answer avers that after terms of sale had been agreed upon, and before the closing of the contract, conveyance of the bond or giving of the notes, and whilst said goods remained in custody or control of Plaintiff, the Plaintiff, without the knowledge or consent of Defendant, abstracted, removed and secreted, or used of the goods contracted, and of which no account was rendered, the amount and value of $1,516.29, which amount Defendant asked might be recouped and allowed as a counter-claim, &c. upon which issue was joined. The jury found all the issues in favor of Defendant, and an excess in his favor by reason of such abstraction and goods unaccounted for, and also by reason of the misrepresentations of Plaintiff as to the value, &c. of $771.28—being, as is claimed, an amount not authorized by the pleadings. That interest being computed on said $1,516.29 to date of trial, would only leave an excess of about $333. The Defendant waives the amount estimated upon said

46

misrepresentations as to value, &c. and offers to remit said excess.

II.—The verdict is sustained by the law and evidence, and it is erroneous to order a new trial.

III.—The jury being the exclusive judges of the facts, and of the credit due to the several witnesses examined, their verdict will not be disturbed if supported by any legal evidence. It was and is therefore erroneous for the Court to award a new trial, especially as Defendant offered to remit the amount found in his favor, which offer is still made.

IV.—A remittitur will do justice between the parties, and a new trial therefore ought not to be had.

Points and authorities of Respondent:

I.—1st. The damages are excessive. They are more than is warranted by the evidence, and more than is demanded or claimed by the answer. The answer claims a counter-claim of $1,807.50, including interest, and the jury gave damages equal to $2,171.28.

2d. The Plaintiff's claim was admitted, and the only question to be tried was the amount of counter-claim the Defendant sought to "recoup" from the Plaintiff's demand, and the excessiveness of the damage, as assessed by the jury, show passion or prejudice on the part of the jury, and which is one of the causes upon which a new trial is granted. *Pub. Stat. p.* 564, *sec.* 59, *subdv.* 4. The Defendant would not be entitled to judgment in his favor upon recoupment. Recoupment only goes in abatement of Plaintiff's claim. *Pattis vs. Richards,* 23 *Barb.* 143; *Batton vs. Pond,* 3 *Hill,* 171.

II.—The evidence is insufficient to justify the verdict.

III.—1st. The verdict is erroneous in law, and a new trial should be granted.

2d. The two defences required two different measures of damages, and it would be trying two actions at the same time for the same cause.

3d. The Judge erred in his charge to the jury. He charged the jury to find, as a measure of damages upon the warranty the difference between $4,000 warranted and the amount of goods invoiced; and also charged the jury that if they found

that any goods had been removed by Plaintiff, they were to find the value thereof as damages for the Defendant, which would be double damages, for it is not pretended that any goods were removed by Plaintiff after the invoice by Defendant.

4th. The jury were misled by the charge of the Judge, and *seem* to have acted upon it, for they found excessive damages over both.

5th. A remittitur would not do justice between the parties, because the Court would have to first find the facts, and might find them different from a jury.

SMITH & GILMAN, with DUNN & BURT, Counsel for Appellant.

WILLARD & BARNEY, Counsel for Respondent.

*By the Court*—FLANDRAU, J. The action is upon four promissory notes for $300 each—a balance due upon a purchase of a stock of goods. The defence is, that the Plaintiff warranted the goods to be of the value of $4,000, and that they were not of that value, and also that the Plaintiff had abstracted goods to the amount of $1,516.25 before delivery, &c. The Defendant proved that after taking the goods he made an inventory of them, and found that they were in value but $2,862.82, including the safe at $50, and some other articles that he did not get, which would reduce the value still lower. A good deal of testimony was given to show that Plaintiff had carried off portions of the goods, but with what success in establishing that point it is unnecessary to notice. After the testimony was closed the Court charged the jury, first, "That the measure of damages in favor of the Defendant was the difference between the $4,000 warranted by Dukes, and the amount of the invoice made by Smith." This charge was erroneous in every particular. In the first place it assumes that there was a warranty, which was for the jury to find. In the second place, it assumes that the invoice made by Smith was the real value of the goods, when the testimony was conflicting or at least unsettled upon the subject of value,

several bases having been proved, either of which the jury might have adopted. The Court had no right to select from the other proof the invoice of Smith, and tell the jury to predicate their verdict upon that as the actual value of the goods. He should have told them that if they found a warranty of $4,000, then to find the actual value, and the differences would be the damages. In his charge he assumes both the warranty and the actual value, and directs the jury to find the difference.

The Judge, in another part of his charge, told the jury "that they were to pass upon the warranty, and also were to find if any goods had been removed by Dukes, and find the value against Dukes."

This would operate as a qualification of the former charge, so far as it left the question of warranty or no warranty to the jury, but it did not clear up that part of the charge in which the jury had been told to take Smith's invoice as the real value of the goods; and I think it was well calculated to mislead the jury by leaving the impression upon their minds that they should deduct both the difference between the $4,000 warranted and Smith's invoice, and the amount of any goods removed by Dukes from the Plaintiff's recovery, which would of course be improper, as if the jury found the warranty, then the actual value was to be arrived at from all the testimony, and could in no aspect of the case fall below the amount of Smith's invoice, as he had actually received that quantity by his own showing, except the safe, &c. That the jury did fall into some such error is clear from the verdict they rendered, by which they allowed the Defendant $1,971.28 damages, (not noticing interest on either side,) an amount considerably beyond either theory of the defence—that of a warranty, or that the Plaintiff abstracted goods.

The Defendant offers to remit the excess. It is impossible to determine what the jury acted upon, or how they made up their verdict, under the charge of the Judge, so as to correct the error, and arrive at the amount they should have given, and the amount to be remitted. Had they found specifically the warranty, the actual value of the goods received by Smith, and the amount of goods removed by Dukes, there would

have been data from which to have made up a proper verdict, but in the absence of these facts no remittitur can do justice between the parties.

The Plaintiff objects that where the defence is by way of recoupment, the Defendant can only recover enough to bar the claim of the Plaintiff, and cannot have a verdict for damages in his favor. This Court has held otherwise. In the case of *Mason and Craig vs. Heyward*, 3 *Min. R., p.* 189, we say—"The doctrine of recoupment, as treated of by jurists seems to be an innovation upon or departure from the strict rules of law, sanctioned by Courts for the purpose of doing equity between parties where it could not otherwise be attained, or not without a circuitous and expensive process. And this principle, which had crept in under the old system of pleading, has, as before remarked, been extended by the Code, so that a Defendant may now not only plead in reduction or bar of the Plaintiff's claim, but may even be permitted to establish a claim and recover a judgment for damages against the Plaintiff. See *Comp. Stat., p.* 481, *sec.* 24.

The Court below has corrected its error by granting a new trial of the case, and the order is affirmed.