Carmichael *v.* Shiel.

---

CARMICHAEL *v.* SHIEL.

CASE DOUBTED.—The case of *Cromwell* v. *Wilkinson,* 18 Ind. 365, as to effect of remission by the plaintiff of a part of the damages recovered, is left open for reconsideration.

PRACTICE IN THE SUPREME COURT.—Where the bill of exceptions states the order of events in the trial of a cause differently from

Carmichael *v.* Shiel.

the journal entry on the record of the Court, the former must govern, so far as the record in this Court is concerned.

SLANDER.—Where the persons who hear a charge of larceny, complained of as slanderous, know the transaction referred to in the charge, know that that particular transaction is the one referred to as the ground of the charge, and know that that transaction was not larceny, no action for slander can be maintained; but, if the hearers understood the defendant to repeat the charge, without reference to the transaction as understood by them, and upon what he might assume to know beyond their knowledge, then the words might constitute a slanderous charge.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—*Margaret Shiel* sued *Jesse D. Carmichael*, alleging that he had charged her with stealing certain of his dishes from the *Palmer House*, and maliciously prosecuted her upon the charge.

*Carmichael* answered, the ˋgeneral denial, justification, and other paragraphs, setting out all the facts specially. Issues were properly formed. The cause was tried by a jury, who returned a verdict of 1,000 dollars for the plaintiff. A motion for a new trial was made; and, says the journal entry of record, the plaintiff thereupon remitted 300 dollars of the damages, whereupon the Court overruled the motion for a new trial, and rendered judgment against the defendant for 700 dollars; and counsel, in their brief, say they made the remission to prevent the granting of a new trial. If this were so, it would constitute, according to *Cromwell* v. *Wilkinson*, 18 Ind. 365, an error for which we might reverse the judgment. The practice is different in *Ohio.* Wright's Rep. pp. 227, 705. The ruling in *Cromwell* v. *Wilkinson* would seem to be correct on principle; yet as there are authorities the other way, the point had better be left open for reconsideration.

But the bill of exceptions states the order of events differ-

ently from the journal entry, and makes the remission the voluntary act of the plaintiff, after the motion for a new trial had been overruled. The bill of exceptions must govern, so far as the record is concerned. See *Doe* v. *Smith,* 1 Ind. 451. We might, perhaps, act upon the admission of counsel, though in this case the question is unimportant, as will appear by what we have further to say in this opinion.

On the trial, the Court instructed the jury, that there were cases of slander in which it was proper for the jury to give vindictive damages. Whether this instruction is correct, deserves to be gravely considered. It has not been discussed by counsel in this case, and we shall express no opinion upon it. See *Cromwell* v. *Wilkinson,* 18 Ind. 365, on page 369. The branch of the plaintiff's suit, which complained of a slander, arose in this way: *Margaret Shiel* was in the service of *Mr. Carmichael,* the landlord of the *Palmer House,* in *Indianapolis.* While so in his service, she broke certain dishes belonging to the house. *Mr. Carmichael* deducted the price of the dishes thus broken from *Margaret's* wages, and she acquiesced in the deduction. Soon afterward, *Margaret,* openly, in the daytime, took the fragments of the broken dishes, and carried them away, claiming them as her property, as she had paid the full price of them, as if they had been unbroken. *Mr. Carmichael* then went before Mr. Justice *Fisher,* and instituted a prosecution against *Margaret* for larceny. The case was heard before Esquire *Fisher,* and he discharged *Margaret,* holding the taking of the dishes, under the circumstances, not to be larceny. Immediately after the discharge by the justice, and whilst the parties were still in the office, (*Margaret,* however, being near the exit door,) *Mr. Carmichael* advanced toward her and said, "Now I want you to bring back the dishes you stole from my house." From the evidence in the case, it is not clear whether any one, except the persons

who had heard the evidence on the trial, heard *Mr. Carmichael's* words or not.

The words thus used are the ground of the paragraph for slander in this suit of *Margaret* against *Carmichael.* In reference to this branch of the case, the defendant, at the proper time, upon the trial, asked the Court to give this instruction to the jury, and the Court refused it, the defendant excepting:

"If the plaintiff has proved the speaking of any one set of the words laid in the complaint, and such words were spoken immediately after the trial of *Margaret,* before Justice *Fisher,* and she, the plaintiff in this suit, had been acquitted of the charge, and all the persons there present, and hearing the words spoken by defendant, *Carmichael,* had heard the evidence on said charge of larceny, and the words so spoken by defendant referred to the same dishes named in the affidavit on which the plaintiff was tried, and the taking, charged on the plaintiff, did not amount to a larceny, and so the persons, present and hearing the words spoken by defendant, knew and understood, the speaking of the words by the defendant was not slanderous."

The instruction was applicable to the evidence, was not embraced in any instruction given, and if law, should have gone to the jury. We think the instruction expressed the law. We think the spirit of the authorities may be thus expressed on this point:

Where the persons who hear a charge of larceny, complained of as slanderous, know the transaction referred to in the charge, know that that particular transaction is the only one referred to as the ground of the charge, and know that that transaction was not larceny, but simply innocent, or a trespass, no action for slander can be maintained. The charge is a mere misnomer, in a legal point of view, of a transaction, but conveys no charge of crime to the public ear, in no manner puts the person charged in peril of the consequences of

Carmichael *v.* Shiel.

crime. *Ausman* v. *Veal*, 10 Ind. 355. Whether the words used in this case did refer, as the hearers all understood, to such a transaction, should, we think, have been left to the jury. In the event that all the hearers did so understand the words, the case might be considered as though *Mr. Carmichael* had included the evidence on the trial, which had just been heard by the bystanders, in his charge of stealing the dishes; as though he had said, I want you to bring back the dishes you stole from my house in the manner and under the circumstances which have just been explained to this audience on your (*Margaret's*) trial. See *Pritchard* v. *Loyd*, 2 Ind. 154, and *Thompson* v. *Grimes*, 5 Ind. 385. If, however, the hearers did not so understand *Mr. Carmichael*, but, on the contrary, understood him to make the renewed charge, independent of the facts developed on the trial, and upon what he might assume to know beyond the facts developed, then the words might constitute a slanderous charge.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded.

*Newcomb & Tarkington*, for the appellant.[1]

*Wm. P. Fishback, J. D. Howland*, and *Lucien Barbour*, for the appellee.[2]

(1) The appellant, by counsel, argues: Where words, in themselves actionable, are spoken of a subject-matter which, in itself, is not a crime, or where there are circumstances given by the speaker, or known to the hearers, which show that no crime had been in fact committed, no action can be maintained for the speaking of the words. *Abrams* v. *Smith*, 8 Blackf. 95: *Van Rensselaer* v. *Dole*, 1 Johns. Cas. 239; *Thompson* v. *Bernard*, 1 Campb. R. 48; *Dexter* v. *Taber*, 12 John. R. 239.

(2) The learned argument of the counsel for the appellee consists mainly of a review of the facts, and an effort to reconcile them with admitted principles of law, favorable to the interests of the appellee.