STRAUS *v.* ROSS.

CONTRACT.—EXECUTORY.—A agreed with B to sell and deliver to B his wool clip at a stipulated price per pound, part of which was paid in hand. B was to come to A's house on a particular day and go thence with A to the town of R., where the wool was to be weighed, and where A was to receive it and pay the residue of the price.
*Held,* that the contract was an executory one.

APPEAL from the *Rush* Circuit Court.

GREGORY, J.—The complaint avers that the plaintiff, *Straus,* and the defendant, *Ross,* entered into a contract by which the latter sold to the former his entire crop of wool, shorn in the spring of 1864, and on hands, lying in defendant's barn. That the defendant represented to the plaintiff that there was about 1,000 pounds of the wool, and the

plaintiff agreed to pay the defendant eighty cents per pound for all of said wool, and then paid $20 upon the contract. That the plaintiff agreed to send his sacks to the defendant on the next *Tuesday* or *Wednesday*, to hold said wool, and the defendant agreed to put the wool in the sacks as soon as he received them; that the sacks were received by the defendant on the *Tuesday* then following, at the express office in *Rushville*, as before agreed. That the wool was to remain in defendant's barn, free of charge, until plaintiff should call for it, when it was to be weighed at *Rushville*, and the remainder of the money was to be paid by the plaintiff as soon as the weight of the wool was ascertained. That the plaintiff called on the defendant at his residence, where the contract was made, and demanded the wool, but the defendant refused and still refuses to deliver it; and that the plaintiff then notified him to produce and deliver the wool at *Rushville*, where it was to be weighed, but that he refused, and still refuses to do so. That wool was worth, at *Rushville*, at the time of the demand and refusal, $1 10 per pound, and by reason of the non-delivery thereof the plaintiff has sustained damage in the sum of $300, for which, together with the $20 paid on the contract, he demands judgment.

The defendant answered: 1st. General denial. 2d. That on *Friday*, the 24th of *June*, 1864, he contracted to sell and deliver to the plaintiff the whole of his wool clip, amounting, as afterward ascertained by actual weight, to 980 pounds, at eighty cents per pound, and at the time of making said contract the plaintiff paid $20 thereon; but the defendant alleges that it was a part of the contract, and expressly stipulated therein, that the plaintiff was to come to the defendant's house after said wool on *Monday*, the 11th of *July*, 1864, and was to go from thence with the defendant to *Rushville*, where the plaintiff was to receive the wool and pay therefor, and where said wool was to be weighed. That it was no part of the agreement that the defendant should keep the wool longer than said 11th of *July*; and

that the defendant was at all times, from the making of
the contract to and including said 11th of *July*, prepared
and ready to deliver the wool according to the terms of the
contract, if the plaintiff had been ready to receive the
same; that the plaintiff did not come according to the
terms of the contract to receive the wool, at any time
after the making of said contract, till *Saturday*, the 23d of
*July*, when he demanded the wool, but the defendant had
then sold the same, as of right he might do, and thereupon
tendered to the plaintiff the $20 paid by him on the con-
tract, and now brings the same into court.

The plaintiff replied by the general denial. Trial by the
court; finding for the defendant. Motion for a new trial
overruled. The evidence is in the record.

The evidence warranted the court below in finding the
facts alleged in the second paragraph of the answer to be
true, but it is contended that the finding is nevertheless
wrong, for the reason that the facts stated in the answer, and
proven on the trial, establish an executed and not an execu-
tory contract of sale. That the property in the wool was,
by the contract, vested in the plaintiff, and that the subse-
quent sale thereof by the defendant was a wrongful conver-
sion, for which the plaintiff ought to have recovered in this
action. The complaint is for a breach of contract, and not
for a wrongful conversion. The appellee contends that
proof of a wrongful conversion would not sustain the alle-
gations of the complaint. The answer to this depends
upon the construction of sections 94, 95 and 96 of the
code. 2 G. & H., pp. 114, 115, 116. If it was a variance,
then such proof would have sustained the allegations, but
if the allegations to which the proof was directed were
unproved, not in some particular or particulars only, but
in their general scope and meaning, it ought not to be
deemed a case of variance, but a failure of proof. It is
sometimes very difficult to make an application of this rule,
but we do not feel called upon to determine this question

in the case in judgment. We think the facts alleged in the answer, and proved on the trial, did not vest the property in the wool in the plaintiff. There was something remaining to be done to make it a sale. The wool was to be taken to *Rushville*, and there weighed, and was then to be paid for at the rate of eighty cents a pound. This was an essential point of the contract of sale, and until it was done the property in the wool did not vest in the appellant. The court below committed no error.

The judgment is affirmed, with costs.

*B. F. Claypool*, *J. M. Wilson* and *G. C. Clark*, for appellant.

*L. Sexton*, for appellee.