McCauley, J.
The question in this ease is, whether or not the plaintiff should have had a verdict upon the evidence offered in support of his petition. It is very doubtful whether an action can be maintained for such general word as thief, unless it be clearly shown that it was intended to impute a felony. Townshend on Slander and Libel, 210. Folkard’s Starkie on Slander, 75, marginal page. Whether a criminal charge was intended would appear by the matters spoken of in the same conversation. In this case the defendant was in conversation with the witness who testified to the speaking of the words about an assessment that the witness claimed had been paid twice, the witness informed the defendant that Myers had told him the assessment had been paid twice. In response to this statement of the witness, the defendant spoke the slanderous words of the plaintiff, and then proceeded to speak of the Smithville transaction. The witness Curry says: “ In connection with this talk in which Brown said Myers was a thief, he Brown, also explained about a transaction of Myers at Smithville, about having an assessment paid after a fire, and reporting it before the fire to hold the company.”
The witness further testifies that he had heard of the Smithville transaction, and it appears from his knowledge of it, that he must have known that it was not a criminal matter.
It is very clear that the words were spoken of the plaintiff and of his connection with the Smithville matter, and that the words were so understood by the hearers. Where the persons who hear the slanderous words, know the transaction referred to, and that it was not a larceny, no action for slander can be maintained. Carmichael v. Shiel, 21 Ind., 66; Williams v. Mines, 18 Conn., 473; Folkard’s Starkie on Slander, 446.
■ In this 3ase the hearers knew the transaction referred to, *101 and knew that it was not a larceny; but merely a fraudulent transaction.
The charge of the court is not in the record, and however applicable to the case and correct it may have been, the verdict is not supported by sufficient evidence. It is for the jury to determine with what meaning the words were spoken and understood; but where the words with all that was said in the same conversation show no intention to impute a crime, but a total absence of such intention, the plaintiff’s case fails in its proof as a matter of law. .
The defendant offered evidence to show what the Smith-ville transaction was. This evidence was excluded by the court. While the speaking of the words was accompanied with such other and further statement as showed no intention to impute a crime, and that in consequence the court might properly have directed a verdict for the defendant, yet this was not done, nor was the court asked thus to dispose of the case ; but it went to the jury upon the evidence and charge of the court, and if the evidence had failed to prove that the words were spoken with an innocent meaning, then it became proper that the jury should know what the Smithville matter was, to which the words referred, in order to determine with what, if any, malice the words were spoken.

Judgment reversed.