Filed October 31, 1895.

---

No. 1.567.

## PLATTER *v.* ACKER.

REPLEVIN.—*Goods, Executory Contract for Sale of.—Breach of.— Remedy.*—As a general rule, replevin will not lie for goods, where there is an executory contract for the sale of the same, although

VOL 13—27

there may have been a tender of performance in strict compliance with the contract; the parties, in such cases, being left to their action for the breach of the agreement.

CONTRACT. -- *Executory.* — *Executed.* — *Construction.* — The phrase, "has this day sold and conveyed," will not render a contract for sale of goods executed, when from all the terms of the agreement it must be construed as executory.

From the Jackson Circuit Court.

*J. B. Black, E. B. Pugh, W. K. Marshall* and *O. H. Montgomery,* for appellant.

GAVIN, J.—The appellee recoverd judgment in replevin for the possession of a stock of merchandise and fixtures.

His sole claim thereto, taking that view of the evidence most favorable to him, rests upon the fact that appellant had entered into a contract for the sale of the goods to appellee, which appellant refused to consummate, although appellee had made full tender of performance upon his part. The contract was clearly executory. It reads as follows:

"This contract and agreement made and entered into this 26th day of February, 1894, between Peter Platter of the first part and William H. Acker of the second part, both of the county of Jackson and State of Indiana, witnesseth:. That the said party of the first part has this day sold and conveyed to the said party of the second part, all his stock of goods, wares and merchandise and fixtures, now located in the store-room in the Duhme building in the city of Seymour, Indiana, consisting of books, stationery, etc., and such shelving and such other goods and fixtures as belong to the said party of the first part, and located in said room. The party of the second part hereby agrees to make the following

payments on said goods, viz.: One note for $900.00, drawing 6 per cent. interest, payable annually; said note is made by Rosa L. Rottger, dated March 29, 1893, due four years from date, to be indorsed by said Acker, and the balance is to be paid in two equal installments at three months and six months from date, to be evidenced by note signed by the party of the second part and his father as surety. It is agreed by the parties that the goods are to be invoiced at cost, such as are in good saleable condition and have not depreciated in value since purchased; all shelf-worn goods and damaged goods to be invoiced at such price as the party of the first part and a man selected by the party of the second part to represent him may agree upon as being a fair price, and if they cannot agree, then some other disinterested person shall be selected to set the price, which shall be final; and the same agreement is made in regard to show cases and other fixtures. One show-case of Herbert Platter not to be invoiced; also one broken show-case not to be invoiced. Said Peter Platter also guarantees said show-case to be free from executions, judgments, liens and chattel mortgages."

There is little in this contract to indicate that it was intended to be an executed contract of sale, except the use of the words "has this day sold and conveyed." This phraseology imports indeed a present transfer, but when all the terms of the agreement are considered they cannot be deemed controlling.

The appellant remained in possession of the goods until replevied. We are well satisfied that the right of possession and title were not to vest in the purchaser at the time of making this contract, but that these were to be postponed until the consummation of the contract by the invoicing and ascertainment of the amount of and quality of the goods and the price thereof, and the

delivery of the notes provided for.    *Dixon* v. *Duke,* 85 Ind. 434 ; *Lester* v. *East,* 49 Ind. 588 ; *Straus* v. *Ross,* 25 Ind. 300 ; *Williams* v. *Smith,* 7 Ind. 559 ; *Olson* v. *Mayer,* 56 Wis. 551 ; *Thompson* v. *Libby,* 35 Minn. 443 ; *Sherwin* v. *Mudge,* 127 Mass. 547 ; *Lingham* v. *Eggleston,* 27 Mich. 324 ; *Nicholson* v. *Taylor,* 31 Pa. St. 128 ; *Anderson* v. *Read,* 106 N. Y. 333.

As a general rule replevin will not lie where there is an executory and unexecuted contract of sale, although there may have been a tender of performance in strict compliance with the contract, the parties, in such cases, being left to their action for the breach of the agreement.    *Morgan* v. *East,* 126 Ind. 42 ; *Boutell* v. *Warne,* 62 Mo. 350 ; *Graves* v. *Damrow,* 44 N. W. Rep. 234 ; Cobbey on Replev., section 289 ; 2 Benj. on Sales, Corbin 4th Am. Ed., section 1305 ; Tiffany on Sales, 5.

Judgment reversed with instructions to the trial court to grant a new trial.

The death of the appellee having been suggested, the reversal is ordered as of the date of the submission.

Filed October 31, 1895.