NOVEMBER TERM, 1906. 47

Evansville, etc., Traction Co. v. Broermann—40 Ind. App. 47.

# EVANSVILLE & PRINCETON TRACTION COMPANY v. BROERMANN.

## [No. 5,893. Filed April 11, 1907.]

1. PLEADING.—*Indefiniteness.*—*Motion to Make Specific.*—Where a complaint for damages indefinitely describes the lands injured, a motion to make more specific, and not a demurrer, is the proper remedy. p. 48.

2. SAME.—*Nuisance.*—*Overflowing Lands.*—A complaint showing that defendant cut into a ditch and diverted the waters thereof so as to overflow plaintiff's land, to his damage, states a cause of action. p. 48.

3. EVIDENCE.—*Maps.*—*Oral Explanation.*—Oral explanation as to what a map shows on its face is inadmissible. p. 48.

4. SAME.—*Exclusion.*—*Offer of Proof.*—*Necessity of.*—Where an objection is made to offered evidence, the party offering such evidence must state what such evidence will show, if he desires to save any question on its exclusion. p. 49.

5. NEW TRIAL.—*Damages.*—*Excessive.*—*Remittitur.*—*Power of Trial Court.*—Where a new trial is asked on the ground of excessive damages, the trial court may overrule same on condition that plaintiff file a remittitur for the amount such court thinks the verdict is excessive. *Cleveland, etc., R. Co.* v. *Beckett*, 11 Ind. App. 547, and *Nickey* v. *Zonker*, 22 Ind. App. 211, distinguished. Roby, P. J., dissenting. p. 50.

6. TRIAL.—*Instructions.*—*How Considered.*—Where the instructions in a cause, considered as a whole, fairly present the case to the jury, no cause for complaint arises on such instructions. p. 52.

From Superior Court of Vanderburgh County; *John H. Foster*, Judge.

Action by H. Rudolph Broermann against the Evansville & Princeton Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed*.

*W. E. Stilwell* and *Henry Kister*, for appellant.
*Louis I. Ahlering* and *Andrew J. Clark*, for appellee.

COMSTOCK, J.—Action by appellee against appellant to recover damages for injury to appellee's real estate and growing crops, caused by appellant's cutting into a ditch and diverting the water so as to overflow appellee's land. Defendant answered by general denial, after demurring to

each paragraph of the complaint. The issues were decided in favor of appellee, a verdict returned by the jury, and judgment rendered thereon in his favor for $300. On motion by appellant for a new trial the court announced that, unless appellee remit the sum of $75 from the verdict, the motion for a new trial would be sustained, which sum of $75 appellee remitted. The motion for a new trial was overruled, exceptions reserved, a judgment rendered in his favor vacated and set aside, and judgment entered for the sum of $225, with interest from the date of the rendition of the verdict.

Appellant assigns as error the action of the court in overruling its demurrer to the first and second paragraphs of the complaint and in overruling its motion for a new trial.

It is objected to each paragraph of the complaint that the description of the premises is indefinite. This defect should have been presented to the trial court by a motion to make more specific. But it is in effect conceded by appellant, and justly so, that appellee, upon the showing made, could claim damages for the use of the land. This entitled appellee to substantial relief, and the demurrer was therefore properly overruled. *Linder* v. *Smith* (1892), 131 Ind. 147.

While E. E. Watts, a witness in behalf of appellant, was on the stand, counsel for appellant interrogated him as follows:

"I will ask you to examine this map and state to the court and jury what that is?

A. That is a topographical chart prepared by the United States government survey.

You may state whether it is correct so far as it affects the lands in this neighborhood?

A. It is.

Now, I will ask you to state, Mr. Watts, what, from this map, is shown to be the watershed drained through this tile?

Question by Mr. Clark: Did you make it?

· A.   No, sir.

Mr. Clark, of counsel for plaintiff: I object to the use of it.

The Court: Do you wish to use it?

Mr. Stilwell, of counsel for defendant: We think it would settle a much mooted question; that is, there is a sharp conflict in the testimony as to the amount of land drained through this tile, and also to the south of the Broermann land, and we want to use it to show the amount of land that is drained through these places. .The evidence offered by the witness is that it is accurate. If it is, we think it ought to go in evidence.

The Court: The last question is what the map shows. I do not think it would be competent.

Mr. Stilwell: I do not know that the map is drawn in such a manner that persons other than engineers arc able to understand it without an explanation. These maps are drawn by engineers, and are more for the use of engineers of the government, and of course the map itself requires some explanation. It does not explain itself is the reason I ask to have the engineer explain it.

The Court: I do not think the map is competent evidence, as it will depend solely upon the testimony of the witness as to the value of the map.'' The defendant then offered in evidence exhibit No. 1, designated by him as the topographical chart prepared by the United States government survey. The objection to its introduction was sustained, and appellant excepted. The court did not err in refusing to permit the witness to state what the map showed.

The appellant makes the refusal of the court to permit said witness to explain the topographical chart to the jury, and to permit the defendant to offer the same in evidence, the fourteenth reason for a new trial. At 4. no time was the court informed as to what this offered evidence would show. This was necessary to save the question.

That the damages are excessive is another reason for a new trial. Upon this issue there was much conflict in the evidence. Upon the subject of remittitur, this court in *Cleveland, etc., R. Co.* v. *Beckett* (1895), 11 Ind. App. 547, said: "While there is some conflict of authority, the great preponderance of decisions appears to favor the right of the courts to direct conditionally the remission of a part of the damages in such cases where they deem them excessive." Citing numerous cases. The opinion further states: "We are unable to see any good reason why the trial court may not, if it believes the verdict right except as to the amount, in the exercise of a sound discretion, permit the plaintiff to elect whether he will remit part of the damages or suffer a new trial, and if the remittitur is made the question then is whether or not the damages thus reduced are excessive." Manifestly the trial court carefully considered the evidence in reducing the amount assessed from $300 to $225. We cannot say that the evidence does not fairly justify the amount. In the case at bar, the trial court did not determine the quality of the verdict, but only that it was for an amount larger than the evidence warranted. Whether the verdict was excessive, was contrary to law, or was not supported by sufficient evidence, were questions for the court. It was held that while plaintiff was entitled to a verdict he was not entitled to an amount as large as that given. Giving to appellee the privilege of submitting to a new trial or remitting a part of the verdict was clearly within the decision of *Cleveland, etc., R. Co.* v. *Beckett, supra.* The reduction alone of the amount from $300 to $225 did not in any sense injure appellant nor deprive it of any legal right. It has the benefit of its exception and the right to a review of the ruling upon the motion for a new trial.

*Cleveland, etc., R. Co.* v. *Beckett, supra,* is cited in *Nickey* v. *Zonker* (1899), 22 Ind. App. 211. It is not overruled, disapproved nor criticised. *Nickey* v. *Zonker, supra,* is dis-

tinguished from the case at bar. In that case the plaintiff sued defendant for the conversion of timber in logs. The jury returned a general verdict in favor of plaintiff for $400, and found by answers to interrogatories that plaintiff sold defendant a quantity of timber, defendant to cut the timber, and the logs to be measured and graded by both parties before being delivered by plaintiff and accepted by defendant. A dispute arose as to the measurement and grading of the logs, and defendant took them from the premises after he had been forbidden to do so. The jury found the amount of the timber cut, the prices defendant was to pay for the various kinds and grades of timber, and that defendant removed 25,942 feet or more thereof, but did not find the value of the timber taken. At the instance of the court, the plaintiff, pending a motion for a new trial, filed a remittitur for $277.17, and judgment was rendered against defendant for $122.83. The court say: ''It appears from the special findings of the jury that the damages awarded in the general verdict were based upon a theory contrary to law—the theory that the appellee was entitled to recover for the full value of all the timber embraced in the executory contract of sale, where he was only entitled to recover the market value of the timber converted. While the whole quantity cut by the appellant Blucher, and the value of the various kinds, were found specially, the quantity and grades of the timber taken away were not found, and the court could not ascertain the quantity and grades of the timber remaining and thereby arrive at a proper amount to be remitted, without deciding, upon conflicting evidence, a matter of fact, which, having been submitted to the jury, could not be determined by the court without invading the province of the jury. The burden was upon the appellee, the plaintiff, to establish the quantity and value of the property alleged to have been converted. It was no fault of the appellants that these matters were not found or proved, but they had the right to have them proved and decided by the

jury before any recovery against them. They never were decided by the jury.'' In conclusion, the court say: ''The verdict of the jury was contrary to law, and the unwarranted action of the court could not cure it of such defect.'' In the case before us the matters in issue were proved, and the verdict was not contrary to law.

Appellant excepted to all the instructions given by the court of its own motion, being numbered from one to sixteen. Objection is pointed out to only one—number eleven.

6.  Appellee makes the point that the exception to the series of instructions was joint, and, as all the instructions are not shown to be bad, no available error is presented. We do not deem it necessary to decide this point. It is enough to say that we have read the instructions, and, taken together, they fairly state the law. We find no error.

Judgment affirmed.

Myers, C. J., Hadley and Watson, JJ., concur. Rabb, J., files concurring opinion. Roby, P. J., dissents.

## CONCURRING OPINION.

RABB, J.—In concurring in the decision of the court, as expressed in the majority opinion, I desire to refer to the question of practice decided by the court in holding that the court below committed no error in requiring the appellee to remit a portion of the damages assessed by the jury. The motion for a new trial, on the ground that the damages assessed by the jury were excessive, concedes that a verdict in favor of the appellee was correct, and that the only error consisted in an erroneous assessment of the damages. There can be no question but that the court had the power to pass upon this question of whether the amount of the damages was too much. In passing upon that question the court necessarily determines in its mind what would be the proper amount of the appellee's damages.

The Supreme Court of the United States, in the case of *Arkansas Valley Land Co. v. Mann* (1889), 130 U. S. 69, 9

Sup. Ct. 458, 32 L. Ed. 854, in a well-considered opinion rendered by Harlan, J., in which this question was directly before the court, in affirming the right of the court thus to require the successful party to remit a part of the damages assessed, as a condition upon which the court will render judgment upon the verdict, said: "The practice [of requiring a remittitur] is sustained by sound reason, and does not, in any just sense, impair the constitutional right of trial by jury. It cannot be disputed that the court is within the limits of its authority when it sets aside the verdict of the jury and grants a new trial where the damages are palpably or outrageously excessive. * * * But, in considering whether a new trial should be granted upon that ground, the court necessarily determines, in its own mind, whether a verdict for a given amount would be liable to the objection that it was excessive. The authority of the court to determine whether the damages are excessive implies authority to determine when they are not of that character. To indicate, before passing upon the motion for a new trial, its opinion that the damages are excessive, and to require plaintiff to submit to a new trial, unless, by remitting a part of the verdict, he removes that objection, certainly does not deprive the defendent of any right, or give him any cause for complaint. Notwithstanding such remission, it is still open to him to show, in the court which tried the case, that the plaintiff was not entitled to a verdict in any sum, and to insist, either in that court or in the appellate court, that such errors of law were committed as entitle him to a new trial of the whole case."

Numerous cases are referred to in this opinion as supporting the decision of the court, among others the very well-considered case of *Blunt* v. *Little* (1822), 3 Mason 102, Fed. Cas. No. 1,578, in which the opinion of the court, to the same effect, was delivered by Mr. Justice Story. The great weight of authority supports this power of the court. See *Northern Pac. R. Co.* v. *Herbert* (1886), 116 U. S. 642, 6

Sup. Ct. 590, 29 L. Ed. 755; *Hayden* v. *Florence Sewing Mach. Co.* (1873), 54 N. Y. 221; *Guerry* v. *Kerton* (1845), 2 Rich. (S. C.) 507; *Young* v. *Englehard* (1834), 1 How. (Miss.) 19; *Diblin* v. *Murphy* (1849), 3 Sand. 19; *Burdict* v. *Missouri Pac. R. Co.* (1894), 123 Mo. 221, 27 S. W. 453, 26 L. R. A. 384, 45 Am. St. 528; 18 Ency. Pl. and Pr., 134, and cases cited.

## DISSENTING OPINION.

ROBY, P. J.—The defendant had a right to have his case tried by a jury. Such right extended to every issue involved therein. It was submitted to a jury, and a verdict returned which, as to one of said issues, is held by the judge to have been unsupported by evidence. A jury which finds one fact against the defendant without evidence may also find other facts against him in the same way, and, when he is able to establish to the satisfaction of the judge that it has so found, he is entitled by the express provision of the statute to a new trial. In this case the defendant made his motion therefor, and the trial judge found that the statutory grounds did exist. At this juncture nothing remained except to sustain the motion. The trial judge, however, instead of doing so, entered into a bargain with the plaintiff, and, upon a consideration rendered, refused to perform the duty enjoined upon him by the statute. The right thus to abrogate the statute does not exist. The defendant was entitled to have damages assessed by a jury. The trial judge deprived the defendant of that right and assessed the damages himself. Another jury may view the entire case differently and give the defendant a verdict, or fix an amount as damages less than the amount fixed by the judge.

In the case of *Nickey* v. *Zonker* (1899), 22 Ind. App. 211, 220, the following language was used: "If it can be said, with certainty, that the verdict as reduced by the allowance of the remittitur is within the conflicting evidence, the appellants have been deprived of their right, which they never

consented to forego, to have the judgment of the jury upon the credibility of the witnesses and the weight of evidence upon matters of fact, the decision of which was not within the mere discretion of the triers, uncontrolled by any fixed rule of law, but was subject to a definite rule of measurement of damages. The verdict of the jury was contrary to law, and the unwarranted action of the court could not cure it of such defect.''

Both *Cromwell* v. *Wilkinson* (1862), 18 Ind. 365, and *Carmichael* v. *Shiel* (1863), 21 Ind. 66, are cited with apparent approval. In the former case the right of the judge to order a remittitur in cases of this class is denied. In the latter case the decision in *Cromwell* v. *Wilkinson, supra,* is declared to be correct on principle. An attempt is made in the main opinion to distinguish *Nickey* v. *Zonker* (1899), 22 Ind. App. 211. The verdict in that case was declared to be ''contrary to law,'' and the ''unwarranted action of the judge could not cure it of such defect.'' A verdict based upon incompetent evidence is certainly no more contrary to law than one based upon no evidence whatever. The verdict in the case at bar was contrary to law, as the trial judge found, and, if he could not trade away the defendant's right to have damages assessed and the entire case tried by a fair jury in one instance, he could not do it in the other.

*Cromwell* v. *Wilkinson, supra,* as a matter of authority is controlling. *Nickey* v. *Zonker, supra,* accords with it, and is, upon principle, correct. When a party assigns one ground for a new trial, he does not waive any other objection which he may have, nor in any way concede the correctness of the verdict.

I therefore dissent.