The Terre Haute and Indianapolis Railroad Company *v.* Jarvis.

---

No. 1,156.

THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY *v.* JARVIS.

EVIDENCE.—*Opinion Evidence.—Value of Property.—Admissibility.*—It is not required, ordinarily, that a witness shall be an expert to entitle his opinion to go to the jury upon a question of the value of property. If it be made to appear that the witness is acquainted with the value of the property in the vicinity, his opinion is competent; but its weight must depend upon the knowledge which the witness is shown to possess. Nor is it necessary, to make the opinion complete, that the witness should be acquainted with, or have personal knowledge of, the particular thing the value of which he testifies to.

From the Parke Circuit Court.

*D. Strouse, E. Hunt* and *A. M. Hadly,* for appellant.

*S. D. Puett, A. M. Adams* and *J. S. McFaddin,* for appellee.

LOTZ, J.—The appellee instituted this action against the appellant, before a justice of the peace, where he recovered a judgment in the sum of $51. An appeal was taken to the circuit court. In the circuit court, there were two trials by jury; the first resulted in a verdict for appellee in the sum of $50; and the second in a verdict for $59, on which judgment was rendered.

The complaint was in two paragraphs; the first sought to recover damages for the injury to four head of sheep, which, it is alleged, entered upon the appellant's track

and right of way at a point where the same were not fenced, and were struck by the locomotive and cars owned and controlled by the appellant. The second sought to recover damages for rails and fencing destroyed by fire, which, it was alleged, the appellant negligently permitted to escape on its right of way and thence to the appellee's lands adjoining.

Each paragraph was attacked in the justice's court and in the circuit court, by motions to dismiss and by demurrers. These motions and demurrers were over-ruled in the circuit court, and these rulings are assigned as error in this court.

In pleadings before a justice of the peace, great liberality is indulged. No formality whatever is required. *Milhollin* v. *Fuller,* 1 Ind. App. 58; *Indianapolis, etc., R. R. Co.* v. *Sims,* 92 Ind. 496.

The action having been commenced in a justice's court, each paragraph was sufficient to withstand the attacks made upon it.

The overruling of the motion for a new trial is another error assigned in this court.

Among the causes for a new trial are the following: That the court erred in excluding the evidence of appellant's witness, George W. Aydelott, in relation to the value of the rails destroyed; that the damages assessed are excessive; and that the verdict is not supported by sufficient evidence, and is contrary to law.

In support of his first paragraph of complaint, the appellee proved that two of his sheep were killed on the track, and that two others crippled, one of which shortly afterwards died.

The testimony in relation to the value of the sheep varied from $3 to $10 per head.

The appellee's evidence in support of the second paragraph of the complaint shows that in the month of Au-

gust, 1891, the appellant had permitted dry weeds and grass to accumulate upon its right of way, and that such combustible material probably took fire from a passing engine and spread to and consumed appellee's fence on adjoining lands. The fence had been built in 1869, and was repaired and rebuilt about five or six years before the fire. About 500 rails were destroyed. The rails were principally of walnut and oak. Appellee's evidence of the value of the rails varied from $8 to $9 per hundred.

Appellant produced a witness, George W. Aydelott, who testified that he resided in Parke county seven or eight miles away from the farm on which the rails were burned; that he had been farming in that locality a good many years; that he had had considerable experience in making rails, building rail fences, and in repairing old rail fences in that locality; that he had recently rebuilt an old fence where the rails had been in use for about twenty-five years; that he knew where the appellee lived; that he had been by the place where the rails were, but that his attention had never been called to them, and that he had never seen them; that he was acquainted with the country and timber growth; that old rails which had been in use for twenty to twenty-five years have lost one-half of their value; that good, sound rails will last about fifty years; that a fence rebuilt out of rails, seven strands, of sound old oak and walnut (mostly walnut), and two strands of new rails, would, after standing five or six years, be one-half worn out, and about one-half the value of a new fence; that new rails, in the locality where he resided, were worth from $8 to $9 per hundred.

Thereupon the appellant propounded the following question:

"What is your opinion, judging from your knowledge

detailed to the jury, of the rails and fences and the country, in your and surrounding localities—what would rails be worth per hundred in a fence on plaintiff's farm which had been rebuilt five or six years prior to August, 1891, nine rails high—seven strands out of good old oak and walnut rails, made in 1869, and two top strands out of new oak rails—what were such rails worth per hundred in August, 1891, on plaintiff's farm?''

The court sustained an objection to this question, and appellant excepted, and offered to prove by the witness, in answer to such question, that the rails were not worth over $3 per hundred. Appellant also proposed to prove by the witness, that the rails were not worth over $3 per hundred in the locality where the witness resided. This evidence was also excluded, and appellant excepted.

Ordinarily, it is not required that a witness shall be an expert, to entitle his opinion to go to the jury upon the question of the value of property. If it be made to appear that he is acquainted with the value of the property in the vicinity, his opinion is competent, but its weight must depend upon the knowledge which the witness is shown to possess. *City of Lafayette* v. *Nagle*, 113 Ind. 425.

Nor is it necessary, to make the opinion competent, that the witness should have been acquainted with, or have personal knowledge of, the particular thing whose value he testifies to, or that he should have ever seen it. *Whitbeck* v. *New York, etc., R. R. Co.*, 36 Barb. 644.

Where the question was as to the value of farming lands mortgaged, a farmer living twenty-five miles from where the land was situated was permitted to give his opinion. *Stone* v. *Covell*, 29 Mich. 360.

And where the question was as to the market value of certain kinds of logs at a given place, the opinion of a witness whose knowledge was acquired by dealing in

such logs for several years at a place ten miles distant, and afterwards at a place forty miles distant, was admitted. *Lawton* v. *Chase*, 108 Mass. 238.

In *Foster* v. *Ward*, 75 Ind. 594, it was held, in an action for feeding cattle and hogs during a certain time, that a witness who was a farmer living twelve miles distant, and who was acquainted with the value of corn in his neighborhood, was competent to testify as to the value of corn and fodder so fed, notwithstanding the distance between the residence of witness and that of the plaintiff. See, also, *Storms* v. *Lemon*, 7 Ind. App. 435, 34 N. E. Rep. 645.

We think it apparent, from the showing made, that the witness lived in, and was acquainted with the value of rails in, the vicinity of those destroyed by the fire. *Nelson* v. *Masterton*, 2 Ind. App. 524.

The proffered evidence was proper, and should have been admitted.

Was it reversible error to exclude it?

Appellant gave no other evidence of the value of the rails than that contained in the evidence of this witness. From the witness' testimony, an inference might be drawn that, in his opinion, such rails as were described in the question were worth from $4 to $4.50 per hundred, in the locality where the witness resided. The appellant was entitled to have the opinion of the witness as to the value, at the place where the rails were burned, and not leave it to a matter of inference. Nor can this court direct a remittitur as to any amount of the verdict that might rest upon the second paragraph of the complaint. When the amount of the recovery is a mere matter of calculation, and the evidence furnishes the basis, then an appellate court may make the calculation, and order a remittitur; but if the evidence is uncertain or conflicting as to the basis of the recovery, or if the re-

covery be of that character which is left largely to the discretion of the jury, a new trial will be ordered. Elliott's App. Proced., section 571.

It is not possible for this court to determine, from the record, what part of the verdict rested upon either paragraph of the complaint.

Judgment reversed, at costs of appellee, with instructions to sustain the motion for a new trial.

