## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* BORN ET AL.

[No. 7,361. Filed December 12, 1911.]

1. APPEAL.—*Objections to Record.*—Appellees may not complain of a consideration of the evidence on the ground that it is not properly a part of the record, where the judgment is affirmed. p. 64.

2. RAILROADS. — *Trespass.* — *Damages.* — *Instructions.* — *Duplication.*—In an action against a railroad company for trespass for destroying certain buildings and other property, thereby depriving plaintiffs of the use thereof, it is not erroneous to refuse instructions that unless the jury found that the plaintiff widow had elected within ninety days after the probate of her husband's will to take under it she would only take one-third of this partnership property—which was the subject-matter of this action—where the court had instructed that before plaintiffs could recover they must prove that they were the owners of the property, that if any one else had an interest therein they could not recover, and that a mere agreement between such widow and her son—who was a member of the prior, as well as the existing, partnership—would not of itself transfer title to the property. pp. 64, 66.

3. TRESPASS.—*Possession.*—*Railroads.*—The title to land is not in issue in an action by those in possession thereof for their deprivation of the use of the buildings thereon. pp. 65, 66.

4. TRESPASS.—*Railroads.*—*Damages to Business.*—*Complaint.*—A complaint alleging that defendant rendered the plaintiffs' premises unfit for their use or occupation for their business, and that in consequence thereof plaintiffs "have been deprived of the use of said buildings and premises every since," to their damage,

authorizes the introduction of evidence showing damage to the plaintiffs' business.  p. 67.

5. Trespass.—*Railroads.*—*Injuries to Business.*—*Evidence.*—A railroad company is liable for injuries to plaintiffs' business caused by its wrongful destruction of buildings used by them; and evidence of the amount of such damages is admissible.  p. 67.

6. Trespass. —*Railroads.* —*Damages to Business.* —*Instruction.* —*Applicability.*—In an action against a railroad company for destroying certain buildings, thereby depriving plaintiffs of the use thereof, to the damage of their business, an instruction that loss of profits to such business should not be awarded, is inapplicable, where there was no evidence as to the profits of such business.  p. 68.

7. Trespass.—*Railroads.*—*Destruction of Buildings.*—*Diminution of Rental Value.*—*Instructions.*—In an action for the destruction of certain buildings used by the plaintiffs, an instruction that the jury in estimating the damages might consider the diminution of the rental value of the property for the remainder of plaintiffs' term, is not prejudicial, where the evidence showed that some of the leased buildings had been destroyed, some injured so they could not be used as formerly, and the entire premises rendered less fit for use.  p. 69.

8. Landlord and Tenant.—*Injury to Leasehold.*—*Damages.*—A tenant may maintain an action for any tortious act depriving him of the total or partial enjoyment of his leasehold.  p. 70.

9. Appeal.—*Right Result.*—Where a right result was reached, the judgment below will be affirmed.  p. 71.

From Tippecanoe Circuit Court; *Richard P. DeHart,* Judge.

Action by Edward Born and another against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiffs, defendant appeals.  *Affirmed.*

*Kumler & Gaylord,* for appellant.
*Haywood & Burnett,* for appellees.

Ibach, P. J.—Appellees, Edward Born and Theresa Born, partners doing a coal, wood and ice business under the firm name of Samuel Born & Co., sued appellant for damages, caused by the act of appellant on November 12, 1905, in unlawfully and wrongfully entering upon the premises oc-

cupied by appellees under a lease, and used by them in conducting their said business, and destroying certain buildings thereon, and certain personal property consisting of a traction engine and other machinery, some harness, oats, corn, hay, coal and coke. Issues were formed upon the amended complaint of appellees and appellant's answer in general denial, and a trial by jury resulted in a judgment in favor of appellees for $2,085.50, interest and costs.

The errors relied on for reversal arise upon the overruling of the motion for a new trial and are as follows: (1) Refusing to give instructions five and six requested by defendant; (2) refusing to give instructions nineteen and twenty asked by defendant; (3) refusing to sustain defendant's motion to strike out certain testimony of plaintiffs' witnesses Isaac Born and Edward Born; (4) refusing to give instruction sixteen, asked by defendant; (5) giving instruction eleven, at plaintiffs' request.

Appellees insist that this court is not required to consider the questions appellant has attempted to present on the action of the trial court in overruling the motion for 1. a new trial, for the reason that the evidence is not brought before us by a proper bill of exceptions. On this point, suffice to say that the greater part of the irregularities in the transcript upon which appellees rely to sustain their contention have been removed by the clerk's amended certificate, filed by leave of this court. We are convinced, after a careful reference to the authorities cited by both appellees and appellant, that the evidence is properly before us, and as the case must be affirmed on its merits, appellees will not be heard to complain because we considered the evidence.

Instructions five and six, requested by appellant, would have told the jury that unless it found from the evidence that Theresa Born, to whom, as his widow, Samuel 2. Born, in his will, left his interest in the partnership business of Samuel Born & Co., had within ninety days

after the probate of said will elected to take under its provisions, then no interest in the property of Samuel Born & Co. would pass to her under the will, and she would take under the law only one-third of her husband's personal property, and the remainder of his personal property would descend to his children.

The substance of these instructions, as far as they relate to the evidence in the case, was contained fully in instructions one, two, three and four, given at defendant's request, which told the jury that before plaintiffs could recover for any damage to the property, they must prove by a preponderance of the evidence that they were on November 12, 1905, the owners as partners of the property proved to have been damaged; that if the evidence shows that on November 12, 1905, Edward Born, as surviving partner, or any other person, was the owner of or had any interest in such property, the plaintiffs could not recover; that if the plaintiffs did not prove that the title to the property owned by the firm of Samuel Born & Co. passed to said plaintiffs prior to November 12, 1905, they could not recover; and that the mere fact that, shortly after the death of Samuel Born, Theresa Born and Edward Born agreed to carry on the business of Samuel Born & Co., composed of Samuel Born and Edward Born as partners, would not of itself transfer to the plaintiffs the title of any of the property owned by such firm.

The law applicable to the case as made by the issues was not correctly stated by instructions five and six. Plaintiffs sue as the parties in possession of the property destroyed, and for the deprivation of the use of the buildings and premises. They were not seeking to recover upon the the theory that they were the absolute owners of the property destroyed, but were relying on a possessory title, that was sufficient on which to base a cause of action.

In the case of *Catterlin* v. *Douglass* (1861), 17 Ind. 213,

the Supreme Court said: "An action will lie by a mere rightful possessor, against a wrongdoer, for an injury to the possessor's rights." This rule has become so well established in this State as well as other States, that we deem further consideration of it useless. *Barber* v. *Barber* (1863), 21 Ind. 468; *Winship* v. *Clendenning* (1865), 24 Ind. 439; *Bristol Hydraulic Co.* v. *Boyer* (1875), 67 Ind. 236; *Ohio, etc., R. Co.* v. *Trapp* (1892), 4 Ind. App. 69.

Instructions nineteen and twenty would have told the jury that unless it found from the evidence that the plaintiffs as partners were the owners of the entire interest in the property damaged, and not of an undivided interest only therein, they could not recover; and if it found from the evidence that other persons than the plaintiffs had an interest in the subject-matter of the action, then plaintiffs could not recover. These instructions, so far as applicable to the evidence, were covered by instructions one, two, three and four given, and, as said before, it was not necessary for plaintiffs to show an absolute title in order to recover in their action.

The third reason assigned for reversal is the alleged error of the court in refusing to strike out the testimony of Edward Born and Isaac Born as to the monthly rental value of the premises before and after the injury complained of. Isaac Born testified that before the injury the rental value was $93.33, and $25 afterwards. He was asked what additional facts he took into consideration when he gave the jury the rental value after the damage was done, and answered: "The fact that the buildings were destroyed stopped our line of business conduct, and obliged us, to a certain extent, to discontinue the coal, wood and ice business—obliged us to rent properties elsewhere and build on it." Edward Born testified that the monthly rental value of the premises was $93 before the injury, and $30 afterwards. He was asked whether, in fixing that damage, he took into consideration the loss in the

business of Samuel Born & Co. He answered: "We were not able to conduct our business properly without the use of the buildings." The following questions were asked and answers given: Q. "In fixing the rental value, I will ask you whether you took into consideration what value to yourselves or to others than yourselves?" A. "Anybody engaged in the same line of business would have been damaged the same as ourselves." Q. "Did you take into consideration any damage in fixing that value—damage to your business, Samuel Born & Co?" A. "Yes; the damage because we did not have the buildings to operate with, our inability to operate properly without the buildings."

Defendant moved to strike out the testimony as to the rental value, for the reasons that the witnesses stated in estimating such that they took into consideration the damage to their business, and the loss to the business was not specially averred in the complaint, and therefore was not within the issues of the cause.

The particular loss to appellees occasioned by the destruction of the buildings occupied by them in conducting their business was one of the elements of damage clearly alleged in the complaint, and for which they are entitled to recover. The closing allegations of the complaint are that defendant "rendered said premises entirely unfit for use or occupation by plaintiffs for their said business or for any purpose whatever, and in consequence of said trespass and destruction of said buildings and said premises said plaintiffs have been deprived of the use of said buildings and premises ever since, all to the damage of said plaintiffs in the sum of $5,000." In actions for tort the jury are authorized to assess such damages as the evidence warrants, where it sufficiently appears that an injury to, or a destruction of, one's business has been brought about by a tortious act of the defendant. This is an elementary rule of the law of damages.

The witnesses by their entire testimony were narrating to

the jury the manner in which defendant had entered upon the premises occupied by plaintiffs in the conduct of their business, and had destroyed their buildings, and by such destruction had deprived them of the use and benefits thereof, made their lease of less value, and had thus injured their business, all of which was proper to go to the jury to enable it to arrive at a fair estimate of all the damages sustained by appellees resulting from the tort committed. In Freeman, Judgments (4th ed.) §241 it is said: ''All the damages which can by any possibility result from a single tort form an undivisible cause of action.'' The evidence was competent to be considered in determining the compensation appellees should recover for the loss of the use of the properties and premises occasioned by the tortious acts committed by appellant as averred in the complaint, and its allegations are sufficient to embrace within the issues the loss occasioned to appellees by reason of their being deprived of the use of the buildings and premises damaged.

Instruction sixteen, refused, is as follows: ''If you find from the evidence that the plaintiffs are entitled to recover, then I instruct you that in estimating the amount of the damages you should award to the plaintiffs you should not include any loss of profits in their said business by reason of their being unable for any length of time, on account of the acts of the defendant, to carry on their said business.''

It is argued that loss of profits cannot be recovered in this action, because not specifically averred.

Instruction sixteen, when applied to an appropriate state of facts, would correctly state the law, but we fail to observe anything in the evidence heretofore set out, or in the remaining evidence found in the record, to which it could have had any application whatever. There is no evidence to be found that has any reference to what profits, if any, appellees made out of their business either before or after the buildings were destroyed, nor that in testifying as to the amount of

damages sustained by them, any reference was made to loss
of profits. Instructions must be relevant to the issues and
applicable to the evidence given at the trial.

Appellant's counsel also assail instruction eleven, as to the
measure of damages given at request of appellees. The fol-
lowing portion is specially objected to: "And also
you may consider any diminution in the rental value
of the leased premises caused by defendant's destroy-
ing any of the buildings or improvements on said premises,
for the time said premises were thereafter occupied by
plaintiffs, as may be shown by the evidence." It is con-
tended, that by giving this instruction the jury was directed
to award to the plaintiffs the value of all properties totally
or partially destroyed or damaged, the expense incurred in
clearing up the premises, and the diminution in the rental
value of the premises from the date of the damage to the
property to the termination of the occupancy, but that this
is not a correct measure of damages, and the plaintiffs were
not entitled to receive full pay for the property destroyed
and the expense of clearing away the debris, and then be
allowed, in addition, the depreciation of the rental value of
the leasehold for about nineteen months, the length of time
appellees continued to occupy the premises after the wrong
was committed, but only for such time as would reasonably
be required to restore the premises to their original con-
dition.

It is disclosed by the evidence that by reason of the tort
committed by appellant, certain properties belonging to ap-
pellees were actually destroyed, and others were injured;
that the buildings leased by them had, by the same wrong-
ful acts, been partially torn down, so that they could not
be occupied as before, and the entire premises had been made
unfit in many ways for their use, although they did not
abandon them for about nineteen months thereafter.

This instruction we hold was fair and complete, and
covered one of the vital questions presented by the evidence.

It has been many times held, under a complaint similar to the one before us, that the injured party is entitled to recover for the damages sustained that are the necessary and natural consequence of the alleged wrongful acts, and that diminution of the rental value of lands is a proper element of damages to be considered by the jury. In 4 Sutherland, Damages (3d ed.) §1012, it is said: "The damages recoverable by a tenant for an injury to the leased land are measurable by the decrease in the rental value thereof for such time as he is entitled to the use of it."

By leasing the lands with the improvements thereon appellees acquired the right to the enjoyment of them, unimpaired by any wrongful act of appellant. Appellees'

8. right to possess and enjoy the benefits of the leased premises in the conduct of their business for the term designated in the lease was the chief privilege granted therein, and the measure of damages to their leasehold depended upon the diminution in the value of the use of the premises for the remainder of the term, and any other depreciation in value of the leasehold, brought about by the wrongful acts of appellant, averred in the complaint. This holding is well supported by the following authorities: *City of Terre Haute* v. *Hudnut* (1887), 112 Ind. 542; *Stubbings* v. *Village of Evanston* (1891), 136 Ill. 37, 26 N. E. 577, 29 Am. St. 300, 11 L. R. A. 839; *Duffield* v. *Rosenzweig* (1891), 144 Pa. St. 520, 23 Atl. 4; *Allison* v. *Chandler* (1863), 11 Mich. 542; *Halsey* v. *Lehigh Valley R. Co.* (1883), 45 N. J. L. 26; 1 Sedgwick, Damages (8th ed.) §71; 3 Sedgwick, Damages (8th ed.) §926; 3 Joyce, Damages §2124; 4 Sutherland, Damages (3d ed.) §§1012, 1033, 1056.

Uncontradicted evidence shows that appellant committed a trespass of the most wanton character, by entering on appellees' premises in the nighttime, with a large force of men, and committing the acts charged in the complaint, with apparently no legal or moral justification or excuse of

any kind. It appears affirmatively from the record that the merits of the cause have been fully and fairly tried, and a correct result reached, and the judgment should not be reversed on any mere technical grounds. §700 Burns 1908, §658 R. S. 1881.

The judgment is affirmed.