## CITY OF RICHMOND v. LAND-DILKS COMPANY.

### [No. 11,646.    Filed December 12, 1923.]

1. PLEADING.— *Variance.*—*"Material"* *Defined.*— *Statute.*— By the terms of the statute (§400 Burns 1914, §391 R. S. 1881), no variance between a pleading and the proof is deemed material unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. p. 587.

2. PLEADING.—*Variance.*—*Motion for Continuance.*—In an action for damage to kitchen cabinets alleged to have resulted from the negligence of the defendant which flooded the basement in which they were kept, where the complaint charged a total loss of the kitchen cabinets, proof of a partial loss of some of such cabinets would not constitute a material variance, and an amendment during trial alleging that some of the cabinets were rendered entirely worthless, and others were only partially destroyed would not have changed the *gravamen* of the action, but only modified the injury resulting therefrom, and such an amendment, being harmless, would not be cause for continuance. p. 587.

3. APPEAL.—*Admission of Evidence.*—*Briefs.*—*Sufficiency.*—No question as to the admission of evidence is presented on appeal when the appellant has failed to set out in his brief the reasons stated to the trial court why such evidence was not admissible and to state that any exception was taken to the ruling of the court thereon. p. 589.

From the Wayne Circuit Court; *William A. Bond,* Judge.

Action by the Land-Dilks Company against the City of Richmond. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Henry U. Johnson* and *Ray K. Shively,* for appellant.
*William H. Kelly* and *Harlan & Brown,* for appellee.

BATMAN, J.—This is an action by appellee to recover damages to its lumber, veneer and parts of kitchen cabinets, alleged to have been caused by the negligence of appellant, in causing large quantities of surface water to flow into the basement of appellee's factory building. A demurrer for want of sufficient facts hav-

ing been overruled, an answer in general denial was filed. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

The record discloses that during the course of the trial, and after the introduction of the evidence had been commenced, appellee, by leave of court, **1, 2,** amended the allegations of its complaint, as to the extent of the damage sustained, by substituting for the words "and parts of kitchen cabinets, so that the same were rendered worthless and of no value," the following: "and parts of kitchen cabinets, so that some of them were rendered entirely worthless and of no value, and a part of the same were rendered partially worthless, and of less value than they were before they were so damaged." Appellant thereupon filed its motion, supported by affidavit, for a continuance, based on the fact of said amendment, in order to prepare to meet the allegations of the complaint as changed thereby. This motion being overruled, the trial of the cause proceeded to judgment. Appellant predicates error on the action of the court in permitting said amendment, and in overruling its motion for a continuance. We shall first consider whether it was necessary for appellee to amend its complaint as stated, in order to introduce evidence of partial loss, as well as of total loss, as alleged. It is obvious that, if there had been no amendment of the complaint, and the court had permitted appellee to make proof of partial loss, over appellant's objections, the result would have been only a variance, at most. This, however, would not have been fatal to appellee's recovery, unless such variance would have been material. By the terms of the statute, no variance between a pleading and the proof is deemed material,

unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. §400 Burns 1914, §391 R. S. 1881. It will be observed that the variance indicated would not have related to the *gravamen* of the action, which consists of the wrong done appellee by reason of appellant's negligence, but to the injury flowing therefrom. *Chamberlin* v. *Mensing* (1892), (S. C.) 51 Fed. 511; *Box* v. *Chicago, etc., R. Co.* (1899), 107 Iowa 660, 78 N. W. 694; *Johnson* v. *McNab* (1893), 7 Ind. App. 393, 34 N. E. 667. Nor would it have arisen from proof of a different kind of injury from that alleged, but from proof of the same kind to a less extent; that is, proof of a partial loss, under an allegation of total loss. It seems clear to us that appellant would not have been misled, to his prejudice, by such a variance, as, by the exercise of reasonable diligence in its preparation to meet a charge of total loss, it would have ascertained, necessarily, the true extent thereof, if less than total, and sought testimony to cover the facts as they existed in that particular, even if not strictly as alleged. The following authorities tend to support the conclusion stated. 31 Cyc 706; *McLain* v. *West Virginia, etc., Co.* (1912), 72 W. Va. 738, 79 S. E. 731, 48 L. R. A. (N. S.) 561, Ann. Cas. 1915D 956; *Frick* v. *Washington, etc., Co.* (1913), 76 Wash. 12, 135 Pac. 470; *Sterrett* v. *Northport, etc., Co.* (1902), 30 Wash. 164, 70 Pac. 266; *St. Louis, etc., R. Co.* v. *Douglas* (1917), 152 Ala. 197, 44 So. 677; *Scalpino* v. *Smith* (1911), 154 Mo. App. 524, 135 S. W. 1000; *Cleveland, etc., R. Co.* v. *Born* (1911), 49 Ind. App. 62, 96 N. E. 777. Appellant seeks to avoid the force of these authorities by citing the fact that appellee originally alleged a total loss, and made proof of the fact, as to certain property, and asserting that, under these circumstances, appellee had no right to make proof of partial loss to other property,

without the amendment. This contention, however, is evidently without merit, as the partial loss resulted from the same wrong, and involved damage to like property occurring at the same time and place. It follows that the amendment, being unnecessary to appellee's right to make proof of partial loss, did not harm appellant, and its motion for a continuance was properly overruled.

Appellant has not stated any proposition or point with reference to any other reason on which its motion for a new trial is based, except the one relating 3. to the admission of certain evidence from the witness Walter Vossler. No question is presented in that regard, however, as appellant has failed to set out in its brief the reasons, if any, stated to the trial court as the basis for its objections to the admission of such evidence, and to state that any exception was taken to the ruling of the court thereon. *American Fidelity Co.* v. *Indianapolis, etc. Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709; *Chaney, Admr.* v. *Wood* (1917), 63 Ind. App. 687, 115 N. E. 333. No reversible error being shown, the judgment is affirmed.