### Copp *v.* Harmon.

[No. 13,516. Filed November 22, 1929.]

*Jessup & Strode,* for appellant.
*Joseph C. Herron,* for appellee.

McMahan, C. J.—Appellee was an employee of a certain railroad. His duties were to look after the telegraph lines along the railroad, for which purpose he used a railroad motor car, sometimes called a "speeder." On approaching a highway crossing, the motor car on which he was riding and an automobile operated by appellant collided, with the result that appellee was injured. This is an action by appellee to recover damages because of such injuries, it being alleged that appellee was injured as a result of the negligence of appellant. A trial by the court resulted in a judgment in favor of appellee for $2,049.60, hence this appeal.

The error assigned is the overruling of appellant's motion for a new trial, the specifications of which are that the decision is not sustained by sufficient evidence, error in admitting evidence, and excessive damages.

Appellant contends that instead of appellant driving his automobile against or into the motor car on which appellee was riding, appellee ran his car into the automobile, hence no negligence on the part of appellant is shown. Appellant also says appellee

was guilty of contributory negligence. These were questions of fact for the trial court. The evidence is contradictory and is of such character that we cannot say, as a matter of law, that appellee was not entitled to recover.

Appellee's leg was broken as a result of the collision. He was taken to a hospital, where he remained for about two months, after which he was taken to his home, where he remained in bed several weeks.

He had a compound fracture of his right leg between the knee and hip in addition to other injuries. The accident happened May 2, 1927, and appellee worked only five days between that time and April 9, 1928. He remained in bed four weeks after leaving the hospital, when the doctor ordered him to get up and to use crutches. He walked around on crutches for five weeks and then went back to work for the railroad, doing light work, and, on October 1, while walking along the railroad, from an instrument case to a tower, his leg was broken a second time. Appellee testified that he went to the hospital again October 1, because of the re-breaking of the leg. He was asked how long he was at the hospital the second time. While appellant's objection to this question was overruled and an exception reserved, appellant's recital of the evidence does not show that the question was answered. Assuming, however, that it was answered, and that he was confined at the hospital 12 days, as stated in appellant's motion for a new trial, the action of the court would not amount to reversible error. The evidence which was admitted without objection shows that he went to the hospital the second time and that he was unable to work until April 9, 1928. There is no claim that the rebreaking of the leg resulted from any negligence on the part of appellee, nor is there any claim that it was not an injury likely to flow from the original injury. There is no evidence

that the rebreak of the leg was the result of any cause other than the original injury, and no inference can be drawn from the evidence that it resulted from an independent cause. Indeed, the reasonable inference is that it was not brought about by an independent cause. That seems to have been the conclusion of the trial court. See *Wilder* v. *General Motorcycle Sales Co.* (1919), 232 Mass. 305, 122 N. E. 319.

At the time of his injury, appellee was earning $6.40 a day. He was not able to work for 337 days, and lost his wages for that many days. His doctor bill was $160. His hospital bill was $191.15, and he was entitled to recover for pain and suffering. The contention that the damages assessed are excessive cannot prevail.

Affirmed.