CODY *v.* BOARD OF COMMISSIONERS OF ELKHART COUNTY.

[No. 25,372.  Filed December 6, 1932.]

88

*Wallace W. Mehl* and *Jonas O. Hoover,* for appellant.
*Thomas A. Davis,* for appellee.

TRAVIS, J.—This is a suit by appellant against appellee to recover a part of the amount paid by his assignor for the purchase of the property involved at a delinquent tax sale. The suit was presented by two paragraphs of complaint, which was tried to the court on the second paragraph. Appellee's demurrer was sustained to the first paragraph of the complaint and overruled to the second paragraph. Upon request, the court found the facts specially and made its conclusions of law thereon. The conclusions of law upon special findings

of fact were in favor of the defendant. Judgment was entered upon the conclusions of law.

Appellant's motion for a new trial was overruled. Appellant assigns eleven errors; the first, that the trial court erred in sustaining appellee's demurrer to the first paragraph of appellant's amended complaint; (7) the trial court erred in each of the first and second conclusions of law; (8) the trial court erred in overruling the appellant's motion for a new trial. The other alleged errors are based upon the admission of alleged improper evidence and the refusing to admit alleged proper evidence, and that the court erred in each of its findings of facts for the reason that they were not sustained by proper or sufficient evidence; and upon the rendering of judgment, and in refusing to find the issues in favor of appellant, and in refusing to enter a judgment in favor of appellant. Some of the assigned errors, other than those numbered 1, 7 and 8, might be proper as causes for a motion for a new trial if correctly stated, but such alleged errors may not be assigned as error by an independent assignment. Assigned error number 1, based upon the court's sustaining appellee's demurrer to the first paragraph of appellant's complaint, is waived because appellant does not show in his brief that he excepted to the ruling of the court. It is necessary to point to the record to show that an exception was saved, to present the assigned error for review. *Princeton Coal Co.* v. *Dorth* (1922), 191 Ind. 615, 620, 133 N. E. 386, 500, 134 N. E. 275.

Appellant's 8th assignment of error, that the court erred in overruling appellant's motion for a new trial, is waived, for the reason that appellant makes no point in his brief, which is addressed to the motion for a new trial or to any one of the causes set forth in his motion for a new trial. Rule 22, cl. 5 of the Supreme Court; *Buffkin* v. *State* (1914), 182

Ind. 204, 106 N. E. 362; *Pattison* v. *Grant Trust & Savings Co.* (1924), 195 Ind. 313, 144 N. E. 26.

Appellant, in his brief, under the head of "Points and Authorities," states sixteen numbered points, not one of which is addressed specifically and directly to the remaining assigned error, that the court erred in each of the first and second conclusions of law. In order to pass upon this case upon the merits, we consider those points, which are not abstract propositions of law, as directed to the conclusions of law. The first conclusion of law is, "That the State Board of Tax Commissioners of Indiana had no authority in law to reduce said assessment of personal property of Crow-Elkhart Motor Company." Finding number 1 of the trial court is that between the 1st day of March, 1920, and the 1st day of May, 1920, the Crow-Elkhart Motor Company made and delivered to the county treasurer a statement in duplicate of its capital stock, showing, among other things, the value of tangible property owned by it on March 1, 1920. Finding number 2 shows that the "Board of Review entered its assessment on the property of said corporation at" an amount larger than the valuation made by the corporation in its return. Finding number 3 is that, thereafter, the auditor of Elkhart County entered the assessment against the corporation on the tax duplicate in the amount found by the Board of Review. Finding number 9 shows that on or about August 21, 1923, the trustee in bankruptcy for the Crow-Elkhart Motor Company filed with the State Board of Tax Commissioners his petition for the reduction of the personal property assessment of the corporation for the years 1920 and 1921; and that on or about October 1, 1923, a hearing was had on the petition by the Board of Tax Commissioners which resulted in an order made by the Board which reduced the assessed valuation from that made by the Board of Review for the

year 1920; and also reduced the assessed valuation for 1921. Other findings show that this order, made by the State Board of Tax Commissioners, was duly filed and entered in the auditor's office on the records of Elkhart County, and that appellant thereafter, on February 11, 1924, demanded of the auditor of Elkhart County a refund of a part of the taxes which had been levied against the property of the bankrupt.

It will be noted that the assessed valuation of this property was made by the County Board of Review at its regular meeting in the year 1920 and that the petition for a review of the valuation for assessment was not made until on or about August 21, 1923. The statute in relation to taxation provides the remedy for a corporation to carry its grievance at the assessed valuation made by the County Board of Review on appeal to the State Board of Tax Commissioners. This method of review is exclusive. The State Tax Board has only such powers as are specifically delegated to it by law. The State Tax Board might have reviewed the valuation of the property in question, owned by the corporation, had the appeal from the County Board of Review been brought to the State Board of Tax Commissioners in the manner and at the time provided by law. The appeal, if one was taken at all, must have been taken in the year in which the valuation was made. An appeal at a later time does not give the State Board of Tax Commissioners jurisdiction to consider and act in the matter presented. The action of the State Board of Tax Commissioners in reducing the valuation of the property in question three years after the valuation had been established and settled by the Board of Review was unlawful for the reason that it had no jurisdiction in the matter. It follows, consequently, that the first conclusion of law is correct and not erroneous. If the first conclusion of law is cor-

rect, the second conclusion of law, that the plaintiff take nothing, is correct. §§14149 and 14229 Burns 1926.

The special findings of facts do not show that the Crow-Elkhart Motor Company paid the taxes, or any part thereof, assessed against its property upon the valuation as made by the County Board of Review. Neither were such taxes as assessed paid for the corporation by any person, or corporation, or any agency. The real estate of the corporation was sold at a tax sale to gain the taxes levied. If it were the fact that the Crow-Elkhart Motor Company had paid the taxes, and it had been lawfully shown that taxes had been wrongfully paid, or as having been wrongfully assessed when same were extended or assessments made, as the judgment of taxing officers authorized to make same, and concerning which no complaints were registered at the time same were made, either by application for rehearing or by any appeal, there could be no recovery on account of having been wrongfully paid or as having been wrongfully assessed. §14376 Burns 1926.

This action, for the purpose of obtaining a refund of taxes paid by the bankrupt corporation, even if it were brought by the corporation, or if it were proper that the action be brought by anyone in its behalf, or as its assignee or trustee, would not lie, unless, and until, there had been an application for rehearing or appeal as provided by the section of the statute last cited.

The conclusions of law are not erroneous.

Judgment affirmed.