ILLINOIS PIPE LINE COMPANY *v.* COFFMAN.

[No. 14,514. Filed December 21, 1933. Rehearing denied April 6, 1934.]

*Abram Simmons, Virgil M. Simmons,* and *Estal G. Bielby,* for appellant.

*Charles A. Lowe, C. W. Duncan,* and *Anderson, Mayfield & Rynerson,* for appellee.

ON PETITION FOR REHEARING.

WOOD, C. J.—The appellant has filed a petition for a rehearing of this cause. This petition is now granted, and the court renders the following opinion superseding and in lieu of the opinion heretofore rendered upon April 19, 1933 (185 N. E. 323), to wit:

Appellee was a crop tenant upon the farm of Rufus P. Havens and Loretta Havens, located in Rush county. February 11, 1929, the Havens entered into a written contract with appellant authorizing it to enter upon their farm for the purpose of laying and maintaining a pipe line on and through the same. Pursuant to this contract, appellant did enter upon the farm for that purpose. In accomplishing this work, appellee claimed that certain crops growing upon the farm and certain fields were injured to his damage.

Appellee filed a complaint in the Rush circuit court for damages, which, omitting the title, prayer for damages, and signatures of attorneys, reads as follows: "Plaintiff complains of the above-named defendant, and for cause of action says that on or about the first day of February, 1929, and during the months of March and April thereafter, he was lawfully in possession as a tenant of the following described real estate in Center Township, Rush County, State of Indiana, to wit: The Southwest quarter of section 6, township 15 North and range 10 East.

"That he was at said time farming the same, and was the owner and had growing thereon a large quantity of wheat, grass and meadow, and was preparing to put out a large crop of corn and oats on said land; that the defendant was on said dates a corporation duly organized and engaged in the construction of a pipe line through the state of Indiana and through said Center Township, Rush County, and that at the time mentioned, and at sundry times thereafter, during the months of

February, March, and April, 1929, the defendant wrongfully entered upon the said land in the possession of plaintiff, and which land was being worked and farmed by plaintiff, as above alleged and proceeded to locate and construct a pipe line over and upon said premises, and destroyed and converted to its own use the crops of grass, hay and wheat upon said premises so occupied by the plaintiff, and, by hauling large loads of pipes and other material, cut up and destroyed driveways across and over said land, cut up and damaged and injured said lands for agriculturel purposes, to the damage of this plaintiff's leasehold interest therein in the sum of six hundred dollars ($600.00) without any leave or license from this plaintiff so to do."

To this complaint appellant filed a demurrer for insufficiency of facts to constitute a cause of action. The memoranda attached to this demurrer are as follows: "1. Said plaintiff does not show by the averments of his complaint that he had or has such an interest in the crops alleged to have been growing on the real estate as to entitle him to a judgment for damages. 2. Said plaintiff does show by the averments of his complaint that he has no interest in the real estate described in the complaint, and that he has no right to recover damages. 3. The plaintiff does not show by the averments of his complaint that he has such interest in the real estate and crops as to entitle him to recover damages. 4. The plaintiff does not show by the averments of his complaint that the defendant committed any wrong or injury to the real estate or crops growing thereon as to entitle the plaintiff to recover damages." After having obtained an adverse ruling upon its demurrer, appellant filed a motion to require appellee to make his complaint more specific; this motion was overruled. Appellant then filed an answer in two paragraphs; the first was a general denial, the second al-

leged facts seeking to avoid appellee's cause of action. Because of the condition of the record, it is not necessary to set out this paragraph of answer or the substance thereof. Appellee filed a demurrer to the second paragraph of answer for insufficiency of facts to state a cause of defense to his complaint. The demurrer was sustained. The cause was submitted to a jury for trial. A verdict was returned in favor of appellee for the sum of $300. Judgment was entered in his favor on this verdict. Appellant filed a motion for a new trial, which was overruled. Appellant appeals to this court, assigning as error: (1) The court erred in overruling its demurrer to the complaint; (2) the court erred in overruling its motion to make the complaint more specific; (3) the court erred in sustaining the demurrer to its second paragraph of answer; (4) the court erred in overruling its motion for a new trial.

Appellant has failed to discuss the third assignment of error in its brief. In its motion for a new trial, appellant alleged twenty-nine causes therefor. The only causes for a new trial discussed in its brief are Nos. 1, 2, 3, 4, 23, and 27. Appellant has waived any right to reversal of this cause predicated upon its third assignment of error or upon any causes for a new trial except those above set out. *Stauffer* v. *Hulwick* (1911), 176 Ind. 410, 98 N. E. 154, Ann. Cas. 1914A 951; *Cody* v. *Board of Commissioners Elkhart County* (1932), 204 Ind. 87, 183 N. E. 404.

Since the passage of Acts 1911, ch. 157, p. 415, §2, cl. 6 (Section 362, Burns 1926, §2-1007, Burns 1933, §111, Baldwin's 1934), any objections to the sufficiency of facts in a complaint to state a cause of action not stated in the memorandum of a demurrer thereto are waived. *Guenther* v. *Jackson* (1922), 79 Ind. App. 127, 137 N. E. 582; *Davis Construction Co.* v. *Board* (1921), 192 Ind. 144, 132 N. E. 629, 21 A.

L. R. 557. The complaint was sufficient to withstand the objections lodged against it in the memoranda attached to appellant's demurrer. 10 R. C. L., p. 135, sec. 119; 20 C. J., p. 798, sec. 245; *Des Moines, etc., Laundry* v. *Des Moines* (1924), 197 Iowa, 1082, 198 N. W. 486, 34 A. L. R. 1517; *Cleveland, etc., Co.* v. *Born* (1911), 49 Ind. App. 62, 96 N. E. 777.

The rule which now prevails in this state for the purpose of determining the sufficiency of a complaint when tested by demurrer was announced in *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 123 N. E. 409, 413, as follows: "In construing a complaint where a demurrer is interposed, it will be deemed sufficient, whenever the necessary allegations can be fairly gathered from all the averments, even though stated illogically, and, by way of argument, all facts will be deemed stated that can be implied from the allegations made by fair and reasonable intendment, and facts so impliedly averred will be given the same force as if directly stated. *Domestic Block Coal Co.* v. *De Armey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819; *Valparaiso Lighting Co.* v. *Tyler* (1911), 177 Ind. 278, 96 N. E. 768; *Richmond Light, etc., Co.* v. *Rau* (1915), 184 Ind. 117, 110 N. E. 666. The rule that every material fact must be positively and directly alleged has been relaxed, and a fact pleaded by means of participial phrases will be given the same force and effect as though directly stated."

After having filed its demurrer to the complaint and it had been overruled, appellant filed a motion to make the complaint more specific. Whether in view of Acts 1915, ch. 62, p. 123, section 360, Burns 1926 (§2-1005, Burns 1933, §155 Baldwin's 1934), this motion was filed in time, we do not express an opinion; it was, to say the least, an illogical order of

procedure. Our Code does not expressly point out the order to be followed; however, in the case of *Crowder* v. *Reed* (1881), 80 Ind. 1, Elliott, C. J., in his opinion, in commenting upon the proper procedure to be followed under such circumstances, said: "One objection to this paragraph stated by appellants' counsel is, that it does not give the name of the agent sent by the appellants to the appellee, but leaves a blank space where the name should be. This is not such a defect as renders the answer bad upon demurrer. Unless the pleading is so utterly uncertain as to state no cause of defense at all, demurrer will not lie. The remedy is by motion. If the appellants deemed it important that the blank should have been filled, they should have made the proper motion before demurring."

But the question of granting or refusing a motion to make more specific is largely within the discretion of the trial court, and its action on appeal will not be reversed, unless it is made to appear that the party complaining of the ruling has suffered because thereof. The appellant has not shown that its rights were harmed by the overruling of this motion, so under the above rule we cannot say that the trial court erred. *Diamond* v. *Cleary* (1928), 88 Ind. App. 518, 162 N. E. 372.

The causes for a new trial not waived and discussed by appellant in its brief are: (1) The damages assessed by the jury were excessive; (2) the amount of the recovery was erroneous, being too large; (3) the verdict was not sustained by sufficient evidence; (4) the verdict was contrary to law; (26) the court erred in refusing to give to the jury instruction No. 2 tendered by appellant; and (27) the court erred in refusing to give to the jury instruction No. 6 tendered by appellant.

In support of causes Nos. 1, 2, 3, and 4, for a new trial, appellant asserts that the question of fair cash

annual rental value of real estate is not a subject of expert testimony, that the question of the fair cash annual rental value of real estate is one of common knowledge, and that this court judicially knows that no real estate in Rush county, Indiana, could be leased and rented for agricultural purposes to raise corn, wheat, oats, and grass for the year commencing March 1, 1929, and ending March 1, 1930, for a cash annual rental of $50 per acre. No authorities are cited in support of these assertions; in fact, the authorities do not sustain them. General rules prescribed for determining what facts are, and what facts are not matters for judicial cognizance, are necessarily too vague to afford any valuable aid. Generally, judicial knowledge is limited to facts evidenced by public records and facts of general notoriety. Jones on Evidence (3d. Ed.) sec. 105, p. 137; 23 C. J., sec. 1808, p. 58. "Value is the exchangeable rate accepted by the community, it is obvious that the rate may differ in passing from one region to another, where different conditions prevail and a different judgment would be formed by the local community. Hence, the question arises how far an acquaintance with the value-standards in one place will suffice when the value in question is of a thing in another place." 1 Wigmore on Evidence (2d. Ed.) sec. 718, p. 1136. So far as we have been able to discover, the authorities are agreed that, as a general rule, values must be proved by competent evidence. In the case of *DePaige* v. *Douglas* (1911), 234 Mo. 78, 136 S. W. 345, 347, the court said: "The value of a given tract of land is not a matter this court can take judicial cognizance of." It is true that in the instant case it was not necessary to resort to expert testimony to prove the rental value of the land occupied by appellee. "A sufficient qualification is usually declared to exist where the witness is a resident, landowner, or farmer, in the neigh-

borhood." 1 Wigmore on Evidence (2d. Ed.), sec. 714, p. 1130. See, also, Jones on Evidence (3d. Ed.), sec. 363, p. 548. But the appellant has made no complaint regarding the rulings of the trial court, so far as they related to the qualification of witnesses to testify and the admissibility and exclusion of their testimony. This court cannot take judicial notice of the rental value of farm land in Rush county. It is a fact to be established by witnesses meeting the qualifications heretofore referred to.

The nature, character, and extent of the injuries caused to appellee's crops, and the fields, on the farm occupied by him as a tenant, in laying and maintaining the pipe line, and the amount of damages, if any, to be awarded, were questions to be determined by the jury. The evidence upon this phase of the case was conflicting. Witnesses testified to the number of acres of land injured by the various operations employed by appellant in laying the pipe line across the land occupied by appellee; the amount varied from eight to twelve acres. The annual rental value of the land per acre, as testified to by various witnesses, was placed at from $6 to $50. With this evidence before it for consideration, the jury returned a verdict of $300. Under such circumstances, the award will not be disturbed, unless it is made to appear that it is the result of improper influence, bias, prejudice, passion, or partiality. The record does not disclose that the amount of damages awarded appellee was the result of any such conditions. *Lake Erie, etc., Co.* v. *Howarth* (1919), 73 Ind. App. 454, 124 N. E. 687, 127 N. E. 804; *Crotian, etc., Co.* v. *Rice* (1925), 88 Ind. App. 126, 147 N. E. 288; *Kenwood, etc., Co.* v. *Speckman* (1931), 92 Ind. App. 419, 176 N. E. 29.

The jury returned a general verdict in favor of the appellee; this amounts to a finding in his favor upon

all facts tendered by the issues in the cause and necessary to be found to sustain his cause of action. There is competent evidence in the record which supports the finding of the jury. We cannot say, as a matter of law, that the verdict of the jury is not sustained by sufficient evidence or that it is contrary to law. *Fishman* v. *Eads* (1929), 90 Ind. App. 137, 168 N. E. 495; *Copp* v. *Harmon* (1929), 90 Ind. App. 348, 168 N. E. 701.

Appellant complains of the refusal of the court to read instruction No. 2 tendered by it to the jury. The substance of this instruction was embraced in instructions given to the jury by the court of its own motion.

Finally, appellant says: "In support of the fourth assignment of error, and the twenty-seventh reason for a new trial. The court erred in giving to the jury instruction No. 6 of its own motion." In the twenty-seventh cause for a new trial, appellant alleges that the court erred in refusing to give instruction No. 6 requested by appellant. This instruction was expressly covered by instruction No. 12 given by the court of its motion.

From the thorough examination of the record which has been made, it is apparent that the merits of the cause were fairly tried and determined in the court below.

Finding no reversible error the judgment is affirmed.