ATKINSON *v.* DAVIS.

[No. 15,645. Filed March 10, 1938. Rehearing denied June 1, 1938.]

*Robinson, Symmes & Melson, Owen S. Boling* and *Frank A. Symmes,* for appellant.

*Louis E. Smith, Charles B. Salyer* and *Donald Smith,* for appellees.

KIME, J.—This is an appeal from a judgment in favor of the appellee for personal injuries received by her as a result of an accident. The complaint was in one paragraph and charged the violation of two city ordinances, relative to automatic "stop" and "go" signs and that the appellant was operating his automobile at a high, negligent, careless, reckless, and dangerous rate of speed considering the place, time, condition of the highway, density of the traffic and the failure to give a signal in any manner and the negligent pushing and forcing of the automobile that appellee was riding in after the collision, whereby the appellee was injured permanently. To this complaint the appellant addressed a motion to make more specific, which was overruled. Appellant then answered the complaint in general denial. On these

issues the cause proceeded to trial before a jury which resulted in a verdict in favor of the appellee in the sum of $8,000.00. Upon the filing of a motion for a new trial the court ordered a remittitur in the sum of $3,000.00. The appellee remitted such amount following which the court rendered judgment in the sum of $5,000.00.

This appeal was then perfected assigning as error: (a) the overruling of the motion to make more specific; (b) the overruling of the motion for a new trial, and the following errors relative to the remittitur; (c) that the court erred in overruling appellant's motion for a new trial after sustaining it conditional upon plaintiff's filing of a remittitur of $3,000.00; (d) that the court erred in sustaining appellant's motion for new trial conditional upon plaintiff filing a remittitur of $3,000.00; (e) that the court erred in setting aside the judgment rendered on the 6th day of March, 1935, without granting appellant's motion for new trial; (f) that the court erred in rendering judgment for $5,000.00 on the verdict returned in this cause; (g) that the court erred in modifying the verdict returned by the jury in this cause without granting appellant's motion for new trial; and (h) that the court erred in rendering a second judgment against appellant after setting aside the judgment rendered on the 6th day of March, 1935, without granting appellant's motion for new trial. The grounds of the motion for new trial presented in the briefs are: twenty-three alleged erroneous instructions given by the court; error in the amount of the damages assessed; that the verdict is not sustained by sufficient evidence; that it is contrary to law; and the six errors assigned independently hereinabove shown, being "c" to "h," both inclusive.

The evidence most favorable to the appellee discloses that the appellee was riding in an automobile being

driven by one Opal Thomas west on Washington Street in the City of Indianapolis; that it had been raining and the streets were slick; that as the automobile in which she was riding approached the intersection of Noble Street where there were automatic "stop" and "go" signs such automobile was on the north side of the street car tracks on the north side of said Washington Street; that as they approached said intersection the traffic light was in their favor and they entered the intersection, giving a signal for a left-hand turn and turned south and came to a complete stop; that shortly thereafter the traffic signal indicated that traffic should move south on Noble Street whereupon the automobile was started south in Noble Street and almost immediately the automobile of appellant, which was being operated eastward in the north traffic lane of the south portion of Washington Street, south of the southern street car tracks, collided with the automobile in which appellee was riding; and that as a result of the collision the appellee's right leg was caught between the door of the automobile and jamb thereof and she was seriously injured; that the accident happened in a business district in the city of Indianapolis; that appellant's automobile was driven approximately forty miles an hour at the time of the collision and that the traffic light was against him as he proceeded into the intersection; that following the collision the appellant's automobile pushed the automobile in which appellee was riding from the point of collision to the southeast curb of Washington and Noble Streets; that appellee's right leg was held between the door and jamb by the front bumper of appellant's automobile from the time of the collision until after they finally stopped at the southeast corner and the automobiles were separated.

Medical evidence disclosed that appellee was injured permanently in her right leg and back and that as a

result of such injury she was lame and had a nervous condition that was permanent.

Overruling the motion to make more specific was not reversible error as rulings on such motions are largely in the discretion of the trial court and there is no showing that there was an abuse of such discretion. The necessary allegations were all stated so that the precise nature of the charges were readily apparent. The appellant has not shown that he was harmed and the result has shown that the trial court's ruling was not harmful to appellant's rights. No substantial injury resulted therefrom. *Illinois Pipe Line Co.* v. *Coffman* (1933), 98 Ind. App. 419, 188 N. E. 217; *Cline* v. *Rodabaugh et al.* (1932), 97 Ind. App. 258, 179 N. E. 6.

The appellant's six assignments as to the remittitur all present the same general idea. The appellant contends, generally, that the trial court does not have the right, power or authority to grant a new trial conditioned upon the filing of a remittitur in a tort action. The appellant relies almost solely upon the case of *Dimick* v. *Schiedt* (1935), 293 U. S. 274, 55 Sup. Ct. 596, 79 L. Ed. 603. In that case the opinion intimated, by way of dicta, that if they had the opportunity the court, as then constituted, by a majority of one, would like to reverse a practice which had been followed consistently since some of the earliest English decisions. The majority opinion intimates that "every *reasoned* English decision" condemns the practice but eventually concludes that "the doctrine would not be reconsidered or disturbed at this late day."

The law is that a trial court has the power to act upon a motion to set aside a verdict because it is inadequate or excessive; in its discretion, to grant or deny a new trial; to determine, as a matter of law, the upper and lower limits within which a recovery

by a plaintiff will be permitted and the authority to set aside a verdict which is not within those limits. *Arkansas Valley Land and Cattle Co.* v. *Mann* (1888), 130 U. S. 69, 9 Sup. Ct. R. 458; *New York C. & H. Ry. Co.* v. *Fraloff* (1879), 100 U. S. 24.

The practice of granting remittiturs in such cases has had the approval of our courts whenever considered. *The Terre Haute and Indianapolis Ry. Co.* v. *Jarvis* (1893), 9 Ind. App. 438, 36 N. E. 774; *The C. C. C. & St. L. Ry. Co.* v. *Beckett* (1894), 11 Ind. App. 547, 39 N. E. 429; *Evansville & Princeton Traction Co.* v. *Broermann* (1907), 40 Ind. App. 47, 80 N. E. 972.

The appellant complains of the giving of twenty-three instructions. There is only one which we deem of sufficient importance to discuss separately in this opinion and that is instruction numbered 21 given at the request of the appellee by which the court told the jury that the burden of proving contributory negligence on the part of the appellee was on the appellant; that it was presumed that the appellee exercised due care but that whether or not the appellee did use due and ordinary care was a question of fact to be determined by the jury. Of course no such presumption obtains in Indiana when such issue is presented. *Evansville, etc., Ry. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612.

This was an erroneous statement of the law but it was harmless as the appellants must lose in all events since there was a total absence of any evidence to support its affirmative defense of contributory negligence. *Evansville, etc., Ry. Co.* v. *Berndt, supra*.

From a careful examination of the other twenty-two instructions we conclude that there was no error in the giving of these instructions. "They contain correct statements of principles of law for the guidance of the jury

in its deliberation in the instant case, and when considered in their entirety and in connection with the other instructions given to the jury were not erroneous. 'The verbal niceties and fine distinctions which analytical minds are capable of making in the use of words are not to be invoked to hamper trial courts, and to work reversals in this court, when it is plain that a man of ordinary understanding would not be misled.'" *Kraning* v. *Bloxson* (1937), 103 Ind. App. 660, 668, 5 N. E. (2d) 649.

Finding no reversible error, the judgment of the Marion Superior Court is in all things affirmed.

Laymon, C. J., concurs.