### HAWTHORNE ET AL. v. LARWILL

[No. 17,797. Filed April 20, 1949.]

*Bloom & Bloom,* of Columbia City, for appellants.

*Helmke, Philips & Beams,* of Fort Wayne, for appellee.

WILTROUT, J.—Appellee filed her complaint against the appellant Fred M. Hawthorne only for possession

of real estate, for the rental value of the real estate since 1936, and for other relief.

In addition to answer in denial under the rules, appellant Fred M. Hawthorne filed three affirmative pleadings. By the first, designated a cross complaint to quiet title, he asserts that he is the owner by parole gift from appellee of a life estate in part of the real estate, pursuant to which gift he took possession and made valuable and lasting improvements.

His second paragraph of counterclaim alleges that he took possession of a part of the real estate at the request of appellee, and with her knowledge, consent, and assistance, constructed improvements of the value of $6,000, for which amount he asks judgment.

His third paragraph of counterclaim asserts a written lease with appellee which provides for reimbursement of appellant for permanent improvements made at his expense; that improvements were made in the sum of $8,000 with the knowledge, consent and approval of appellee, for which amount he asks judgment. Appellee answered this paragraph, admitting the execution of the lease, but denying giving written consent to any improvements.

The appellant Beatrice Hawthorne, wife of appellant Fred M. Hawthorne, was permitted to intervene as a party defendant to file pleadings to set up her alleged interest in the real estate. She filed a cross complaint to quiet title, alleging ownership of a life estate by parole gift, pursuant to which she took possession and made improvements. Both appellants then filed a joint cross complaint to quiet title, asserting ownership jointly of a life estate by parole gift, pursuant to which they took possession and made valuable improvements.

Trial by the court resulted in a finding for appellee on her complaint for possession; that the same had

been wrongfully detained by both appellants; that the increment to the real estate by reason of the improvements placed thereon by appellants is $4,000; that a fair and reasonable rental value for the approximately ten years that the appellants lived on said real estate is $350 a year or $3,500; that during said period of ten years the appellants have paid to appellee as rental the sum of $60, and that said sum is set off by the payment of $60 made by appellee on boats purchased by appellant Fred M. Hawthorne; that the appellee is entitled to no other accounting. The court further found for appellant Fred M. Hawthorne on his second paragraph of counterclaim; that he is entitled to $500 from appellee, the same being the difference between the increment to the property by reason of improvements made by appellants or either of them, and the fair rental value of the real estate. The court further found against appellants on their other pleadings. Judgment was rendered accordingly, including a judgment against both appellants for possession of the real estate.

The overruling of their motion for new trial is assigned by appellants as error. This motion contains three grounds: (1) that there was error in the assessment of the amount of recovery in that the amount awarded to appellant Fred M. Hawthorne on the second paragraph of his counterclaim is too small; (2) that the decision is not sustained by sufficient evidence; and (3) that the decision is contrary to law.

Appellee became the owner of the real estate involved in January of 1938. Under an arrangement with appellee, which the court in effect found to be a tenancy at sufferance, the appellants took possession on March 17, 1938; and thereafter made extensive improvements of a permanent nature. Appellants contend that their taking of possession was

pursuant to a parole gift of a life estate. The evidence on this point is in conflict, and the trial court having determined the conflict against the appellants, we may not disturb that finding.

On September 5, 1939, appellee and appellant Fred M. Hawthorne signed a lease on a Farm Security Administration form, the appellant Beatrice Hawthorne not being a party thereto. This lease provided for a rental of $120 per year, and was for a period of one year, with provision for automatic renewal unless written notice of termination was given prior to the expiration of the rental year. It provided that with the written consent of the landlord the tenant might make improvements of a permanent nature, and be compensated or credited therefor at the termination of the lease on the basis of cost to the tenant, less agreed deductions for depreciation and use. This form was executed at the request of appellants to enable them to comply with the requirements for securing a Farm Security Administration loan.

Appellee did not demand any rent at any time after the lease was executed. A government check was issued for $60 after the loan was made, payable to appellee, for the first half year's rental. While the appellee testified that she intended the lease to be binding, the appellant Beatrice Hawthorne testified that the $60 was paid because the government required that to be deducted from the money received from the loan; that there had to be a rental lease to get the loan; that no further rent was paid because the lease was made up just to get the loan; that there was to be no rent paid; and that they never talked about the lease after it was executed. Appellee paid $60 upon a debt of appellant incurred in the purchase of boats. The appellant Fred M. Hawthorne testified that he never had any intention of paying any rent. After the

payment of $60, no further rent was ever paid. Upon this, and other evidence, the court found against the appellant, Fred M. Hawthorne upon his paragraph of counterclaim which relied upon the lease.

The court found that a fair and reasonable rental value for the approximately ten years that appellants lived on the real estate is $350 a year or $3,500. Appellants contend that the evidence was insufficient to support this finding, and with this contention we must agree. There were only two items of evidence which might be said to have any bearing on the rental value. The first was the rental of $120 per year stated in the lease. The other reference to rental value appears in the following testimony occurring during the cross examination of appellee:

Q. Now in your complaint you state, do you not, that the reasonable rental value of the place is $500 per year?

A. I believe it is so stated.

Q. You furnished that information of course to your counsel, did you not?

A. Yes, I did.

We do not consider this to be sufficient evidence to sustain a finding of rental value of $350 a year.

Appellants urge that there was evidence of the general value of the property and that the court could properly apply a reasonable percentage against this value to determine the rental value. But this court cannot take judicial knowledge of the rental value of land of this type in Whitley county, nor is there a recognized formula from which the court can determine the rental value from the data in evidence in this case. *Illinois Pipe Line Co.* v. *Coffman* (1934), 98 Ind. App. 419, 188 N. E. 217.

Other questions are presented by the appellants which are not likely to arise on another trial, where the issues may possibly be reframed, and therefore do not require consideration.

The judgment is reversed and cause remanded with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 85 N. E. 2d 264.